(No. 50586.—

CHARLES P. BURTELL, Appellee, v. FIRST CHARTER SERVICE CORPORATION *et al.,* Appellants.

*Opinion filed May 18, 1979.—Rehearing denied September 28, 1979.*

428

Teitelbaum, Wolfberg, Guild & Toback, of Chicago (Ronald J. Guild and David A. Weininger, of counsel), and Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, of counsel), for appellants.

Feiwell, Galper & Lasky, Ltd., of Chicago (George S. Feiwell, Michael A. Braun, and Bernard L. Rivkin, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The circuit court of Cook County, in a decree entered December 19, 1975, found the existence of a joint venture and ordered an accounting. Following a hearing on the statement of account and objections, the court, on June 1, 1976, entered judgment for $89,998.22 in favor of the plaintiff, Charles Burtell, and against defendant First Charter Service Corporation (defendant). The defendant filed a notice of appeal which stated that First Charter Service Corporation "appeals from the decree and judgment entered against it on June 1, 1976 in the sum of $89,998.22" and prayed that the reviewing court "reverse the judgment of June 1, 1976 and dismiss plaintiff-appellee's complaint or, in the alternative, reverse the judgment of June 1, 1976 and remand the case for a new trial." Burtell did not challenge the sufficiency of the notice of appeal, and both he and the appellant, First Charter, briefed and argued questions involving the joint-venture finding and accounting decree of December 19, 1975, as well as the money judgment of June 1, 1976. During argument, the appellate court raised the question of the sufficiency of the notice of appeal and later held that the notice of appeal did not confer jurisdiction on the appellate court to consider the decree entered December 19, 1975. (57 Ill. App. 3d 198.) Although there are other issues which we will consider later, the threshold question involves the sufficiency of the notice of appeal.

The plaintiff, Charles Burtell, filed suit against First Charter and others alleging the existence of a joint venture between himself and the defendants with respect to the development of certain real property. He also sought an accounting. On December 19, 1975, the trial court entered an order denying relief as to the other defendants but as to defendant First Charter the court, in its decree, among other findings, found that a joint venture existed between

Burtell and First Charter. In the ordering part of the decree the court ordered First Charter to account to the plaintiff as to all income, expenses and profits realized in connection with and attributed to the joint venture; directed the plaintiff to file its objections thereto within 14 days after the service of the accounting, and set the matter for hearing on January 21, 1976. The hearings resulted in the entry of the above-stated judgment on June 1, 1976, in favor of Burtell and against First Charter in the amount of $89,998.22.

Our Rule 303(c) (58 Ill. 2d R. 303(c)), provides for the form and content of the notice of appeal, and Rule 303(c)(2) states: "It shall specify the judgment or part thereof appealed from and the relief sought from the reviewing court." The appellate court in this case found that the notice of appeal was directed solely to the judgment of June 1, 1976, and made no mention of the previous decree of December 19, 1975, and that the prayer for relief was directed only at the June 1, 1976, judgment. The court concluded that it lacked jurisdiction to review the unspecified order of December 19, 1975.

It was formerly the law in this State that a decree such as the court entered on December 19, 1975, was appealable. (*Altschuler v. Altschuler* (1948), 399 Ill. 559, 569.) However, the court in *Ariola v. Nigro* (1958), 13 Ill. 2d 200, and *Hanley v. Hanley* (1958), 13 Ill. 2d 209, held that this rule was abrogated by section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1957, ch. 110, par. 50(2)), which the court held was designed to prevent piecemeal appeals. Section 50(2) provided that, if multiple parties or multiple claims for relief were involved, the court could make an order or judgment as to fewer than all the parties, or all the claims, final and appealable by an express finding that there was no just reason for delaying enforcement or appeal. Such an order or judgment would not be appealable absent such a finding. The contents of former section

50(2) of the Civil Practice Act are now incorporated in our Rule 304 (58 Ill. 2d R. 304). The December 19, 1975, decree contained no such finding by the trial court and therefore was not appealable. However, the appeal from a subsequent final judgment "draws in question all prior non-final orders and rulings which produced the judgment." *Elfman Motors, Inc. v. Chrysler Corp.* (3d Cir. 1977), 567 F.2d 1252, 1253.

In any event, the notice of appeal must conform to the requirements of our Rule 303(c)(2) in that it must "specify the judgment or part thereof appealed from." When a notice of appeal is perfected the trial court loses jurisdiction as to the judgment or part thereof from which the appeal is taken and, as to such matter, the case thereafter proceeds in the appellate court not as a new case but as a continuation of the case in the trial court. (*Wolcott v. Village of Lombard* (1944), 387 Ill. 621, 624; *Francke v. Eadie* (1940), 373 Ill. 500, 502; 6 C. Nichols, Illinois Civil Practice sec. 6131 (1975).) Thus, it is often stated that a notice of appeal confers jurisdiction on a court of review to consider only the judgments or part thereof specified in the notice of appeal. *People v. Lowe* (1975), 30 Ill. App. 3d 49, 51; *People v. Harvey* (1972), 5 Ill. App. 3d 499, 502; *People v. Ilg* (1965), 60 Ill. App. 2d 295, 298; accord, *Elfman Motors, Inc. v. Chrysler Corp.* (3d Cir. 1977), 567 F.2d 1252, 1254.

Although the cases often speak in terms of jurisdiction, it is generally accepted that a notice of appeal is to be liberally construed. The notice of appeal serves the purpose of informing the prevailing party in the trial court that the unsuccessful litigant seeks a review by a higher court. Briefs, and not the notice of appeal itself, specify the precise points to be relied upon for reversal. Courts in this State and the Federal courts have repeatedly held that a notice of appeal will confer jurisdiction on an appellate court if the notice, when considered as a whole, fairly and

adequately sets out the judgment complained of and the relief sought so that the successful party is advised of the nature of the appeal. (*Sanabria v. United States* (1978), 437 U.S. 54, 67 n.21, 57 L. Ed. 2d 43, 56 n.21, 98 S. Ct. 2170, 2180 n.21 (interpreting comparable Federal rules); *People ex rel. Pickerill v. New York Central R.R. Co.* (1945), 391 Ill. 377, 380; *City of Rockford v. Robert Hallen, Inc.* (1977), 51 Ill. App. 3d 22; *Department of Transportation v. Galley* (1973), 12 Ill. App. 3d 1072.) Unless the appellee is prejudiced thereby, the absence of strict technical compliance with the form of the notice is not fatal, and where the deficiency in the notice is one of form only, and not of substance, the appellate court is not deprived of jurisdiction. *Echols v. Olsen* (1976), 63 Ill. 2d 270; *National Bank of the Republic v. Kaspar American State Bank* (1938), 369 Ill. 34.

In considering whether the notice of appeal in our case was sufficient to confer jurisdiction on the appellate court to review the trial court's decree of December 19, 1975, we find the analysis of the requirements of Rule 3(c) of the Federal Rules of Appellate Procedure as stated in *Elfman Motors, Inc. v. Chrysler Corp.* (3d Cir. 1977), 567 F.2d 1252, helpful. When an appeal is taken from a specified judgment only, or from a part of a specified judgment, the court of review acquires no jurisdiction to review other judgments or parts thereof not so specified or not fairly to be inferred from the notice as intended to be presented for review on the appeal. If from the notice of appeal itself and the subsequent proceedings it appears that the appeal was intended, and the appellant and the appellee so understood, to have been taken from an unspecified judgment or part thereof, the notice of appeal may be construed as bringing up for review the unspecified part of the order or judgment. Such a construction would be appropriate where the specified order directly relates back to the judgment or order sought to be reviewed.

Paraphrasing the language of *Elfman,* the unspecified judgment is reviewable if it is a "step in the procedural progression leading" to the judgment specified in the notice of appeal. 567 F.2d 1252, 1254.

Thus, in *Wade v. Mississippi Cooperative Extension Service* (5th Cir. 1976), 528 F.2d 508, the court held that a notice of appeal, which specified only the "order granting an injunction against the defendant" (528 F.2d 508, 511 n.3), would not limit the scope of the appeal to only the injunctive relief granted, but it authorized the reviewing court to also consider a supplemental order.

In *Vigil v. United States* (10th Cir. 1970), 430 F.2d 1357, the district court entered an order on December 24, 1968, dismissing the complaint and the action. The plaintiff thereafter sought leave to file an amended complaint, which motion was denied on January 31, 1969. The plaintiff's notice of appeal stated that the appeal was taken from the order of January 31, 1969. The defendant-appellee contended that the notice of appeal was defective. The court of appeals stated, "[A]lthough the notice of appeal is unambiguous and purports to appeal from the discretionary order of January 31, 1969, we think this incomplete compliance with rule 3(c) should not result in the loss of an intended appeal on the merits." 430 F.2d 1357, 1357-58.

In *Hitt v. Nissan Motor Co.* (5th Cir. 1977), 552 F.2d 1088, the district court, in a class action, entered two orders relating to class notices. No timely appeal was taken from the first order, but a notice of appeal was filed as to the second order. The court of appeals held that the two notice orders were "sufficiently closely related to justify the review of both." 552 F.2d 1088, 1096.

In keeping with the general holding that notices of appeal should be liberally construed, which we have noted above, and following the decision of the Federal courts, we hold that the notice of appeal in our case was sufficient to

confer jurisdiction on the appellate court to review the decree of December 19, 1975. That decree finding the existence of a joint venture was but a preliminary determination necessary to the ultimate relief sought by the plaintiff, a money judgment based on an accounting. It was not separately appealable and, though not specifically designated in the notice of appeal, it was sufficiently closely related to the judgment of June 1, 1976, so that the notice of appeal specifying the June 1 judgment conferred jurisdiction on the appellate court to consider the prior decree, which was but a "step in the procedural progression leading" to the judgment of June 1, 1976.

Aside from the jurisdictional question involved, we also point out that the appellee was not misled or confused by the notice of appeal. In the appellate court it made no objection to the scope of review sought by the appellant, and it fully briefed and argued the issues raised by the appellant's brief. The transcript of the accounting hearing contains a discussion had by the trial court and counsel at which the court stated the basis for its earlier determination that there was a joint venture. The discussion discloses that court and counsel expected that this determination would be reviewed on appeal. Under these facts, in the absence of an objection by the appellee, it would be contrary to the spirit of the Civil Practice Act and the rules of our court to deny the parties to this appeal a decision on the merits because of a technical defect in the notice of appeal.

Two other issues that were determined by the appellate court have been argued in this court. The appellate court reversed the trial court's determination that the plaintiff was not entitled to an accounting with respect to principal and interest received by First Charter on a purchase-money mortgage it had received from the purchaser of the joint venture real estate. Also, the appellate court affirmed the trial court's holding that First

Charter was entitled to interest for advances that it had made on behalf of the joint venture at the statutory rate of 5% and not at the rate of 14% claimed by First Charter. Upon remand, if the appellate court reverses the trial court's determination that there was a joint venture, these other issues will be moot. If, however, we do not now consider these issues and the appellate court affirms the trial court, these questions will not have been reviewed by this court. Although the petition for leave to appeal raises only the question of the appellate court's holding as to the sufficiency of the notice of appeal, these other issues have been briefed in this court, and the full record is before us. In the interest of judicial economy, it is appropriate to decide these other questions at this time. We agree with the holding of the appellate court on both questions.

In the trial court plaintiff had objected to the accounting submitted by First Charter because it failed to include a statement of payments of principal and interest received by First Charter on the purchase-money mortgage it received when it sold the joint venture property. The trial court denied plaintiff's claim, finding that, with the sale of the real estate, the joint venture terminated and plaintiff had no interest in the purchase-money mortgage. First Charter argues now that the purpose of the joint venture was the development of the real estate. When it could not be developed, it was sold and the joint venture profit, in which the plaintiff would have an interest, was the difference between the purchase price and the selling price, minus any expenses. A joint venture may be established without a specified formal agreement. There was none in this case. The trial court stated that the conduct of the parties was the basis for its decision finding the existence of a joint venture. A fiduciary relationship exists between members of the joint venture. Thus, in this case a fiduciary relationship existed between plaintiff and First Charter. (*Reese v. Melahn* (1973), 53 Ill. 2d 508,

513.) When a joint venture is found to exist, the legal principles pertaining to the relationship between partners govern. Section 21(1) of the Uniform Partnership Act (Ill. Rev. Stat. 1975, ch. 106½, par. 21(1)) provides:

> "Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property."

Although the sale of the real estate by First Charter may have disposed of the assets of the joint venture, it would not extinguish the rights and obligations between the partners that arose from that relationship or that arose from the unauthorized dealing with its property. On dissolution, a partnership is not terminated but continues until the winding up of its affairs is completed. (Ill. Rev. Stat. 1975, ch. 106½, par. 30.) We find that the appellate court correctly held that the plaintiff had an interest in the proceeds of the sale of the joint venture property, including the purchase-money mortgage which First Charter received, and was entitled to an accounting as to the principal and interest received by First Charter under the mortgage.

Both the trial court and the appellate court found that First Charter was entitled to interest on its advancements at the rate of 5%. First Charter contends that the reasonable market rate of interest at the time in question was 14%. Section 2 of the interest statute (Ill. Rev. Stat. 1975, ch. 74, par. 2) provides that on all money lent or advanced for the use of another the rate of interest shall be 5% per annum. First Charter contends, however, that section 4 of the interest statute (Ill. Rev. Stat. 1975, ch. 74, par. 4) is applicable in this case. Section 4 provides that, on a business loan to a partnership, it is lawful "to charge, contract for, and receive" any rate of interest. This

statutory provision does not authorize the recovery of interest in excess of the statutory rate of 5% unless there has been an agreement to that effect. (*Schwitters v. Springer* (1908), 236 Ill. 271, 275.) There was, in our case, no evidence of an agreement to pay First Charter any rate of interest. Therefore, it is entitled to interest for the money it advanced on behalf of the joint venture only at the statutory rate of 5% provided by section 2 of the Interest Act.

Accordingly, we affirm the appellate court as to its holding that plaintiff was entitled to an accounting for the payments of principal and interest on the purchase-money mortgage and as to its holding that First Charter was entitled to interest on its advancement at the rate of 5%. We reverse the appellate court's holding that it did not have jurisdiction to review the correctness of the trial court's decree of December 19, 1975, and we remand this cause to the Appellate Court for the First District for a consideration of that issue.

*Affirmed in part and reversed in part*
*and remanded, with directions.*