**In re LUSTER, FRIEDMAN AND COMPANY, Melvin R. Luster and Harold E. Friedman, Bankrupts.**

**20 EAST CEDAR CONDOMINIUM ASSOCIATION, an Illinois Not-For-Profit Corporation, Petitioner Counter-defendant,**

v.

**Dennis E. QUAID, Trustee, Respondent Counter-plaintiff.**

**Bankruptcy Nos. 78 B 9573, 78 B 9574 and 78 B 9575.**

United States Bankruptcy Court, N. D. Illinois, E. D.

Jan. 13, 1981.

Antonow & Fink, Chicago, Ill., for petitioner counter-defendant.

Ahern & Gillogly, Ltd., Chicago, Ill., for trustee.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

### I.

This matter was heard on the petition of 20 East Cedar Condominium Association for determination of the allocation of proceeds of a $100,000 certificate of deposit presently in the hands of the trustee. The debtors herein are Melvin R. Luster, Harold E. Friedman and Luster, Friedman & Company, a partnership formed by the two individual debtors. The petitioning condominium association became a creditor by virtue of a judgment entered by the Circuit Court of Cook County, Chancery Division in cause number 74 CH 50. The judgment is in favor of petitioner and against Melvin R. Luster and Harold E. Friedman, individually and d/b/a Luster, Friedman and Company and is in the amount of $171,359. The asset in issue, a $100,000 certificate of deposit held by the trustee, is under the name of 20 East Cedar Properties, a joint venture formed by the two individual debtors.

The issue to be decided is what happens to the asset of a joint venture upon dissolution. The parties agreed that the sole asset of the joint venture is the $100,000 certificate of deposit. (See Answer and Counterclaim). Petitioner contends that the court should distribute the $100,000 certificate of deposit to the creditors of the joint venture. The parties also agree that Luster, Friedman and Company, a debtor herein, is a creditor of the joint venture in the amount of $82,000. (See stipulation of facts). Therefore, petitioner contends that the $100,000 certificate of deposit becomes an asset of the debtor, subject to the claims of debtors' creditors. The trustee contends that when the joint venture was dissolved in 1977, its $100,000 certificate of deposit became an asset of the *individual* debtors and that the petitioner must file claims against the individual debtors without priority *over creditors of said individuals.*

This court finds that petitioner is a judgment creditor of the debtors herein, the joint venture's sole asset is the $100,000 certificate of deposit and the joint venture owes Luster, Friedman and Company $82,000. Finally, the court finds that the joint venture had not terminated its affairs in 1977 but was still in existence in 1978. The trustee alleged that the joint venture was terminated in 1977 and that its assets were distributed to the joint venturers, the individual debtors herein. However, in May 1978 the two individual debtors, by and for

the joint venture, agreed to let Donald Luster use the $100,000 certificate of deposit as collateral for a loan. Donald Luster was still using the certificate of deposit when the instant bankruptcy petitions were filed. (See stipulation of facts). Therefore, in 1978 the joint venture and its sole asset, the $100,000 certificate of deposit, were still in existence and subject to the claims of creditors.

■ The general rule is that "when a joint venture is found to exist the legal principles pertaining to the relationship between partners govern." *Burtrell v. First Charter Service Corp.*, 76 Ill.2d 427, 31 Ill. Dec. 178, 394 N.E.2d 380 (1979). The trustee argues that the joint venture was terminated in 1977, thus this court has no power over the joint venture. However, this court believes the trustee fails to properly distinguish termination from dissolution and winding up. Before a partnership or joint venture can be terminated, there must first be a dissolution and then a winding-up of affairs. The Illinois Supreme court has stated "on dissolution, a partnership is not terminated *but continues until the winding up of its affairs is completed.*" (Emphasis added). *Burtrell, supra.* Another Illinois case stated:

> The order of events is: (1) dissolution; (2) winding up; and (3) termination. Termination extinguishes their (the partners) authority. It is the ultimate result of the winding up and occurs at the conclusion of the winding up. *Englestein v. Mackie*, 35 Ill.App.2d 276, 182 N.E.2d 351 (1962).

Pursuant to the above authorities, this court has the power to wind up the affairs of the joint venture. Section 40 of the Uniform Partnership Act (S.H.A., ch. 106½, § 40) provides that:

> In settling accounts between the partners after dissolution, the following rules shall be observed...
>
> \* \* \* \* \* \*
>
> (b) The liabilities of the partnership shall rank in order of payment, as follows:
>
> I. Those owing to *creditors other than partners*, (Emphasis added). S.H.A., ch.

106½, § 40(b)(I). Finally, section 40 of the Uniform Partnership Act provides that:

> When partnership property and the individual properties of the partners are in possession of a court for distribution, partnership creditors shall have priority on partnership property and separate creditors on individual property....

S.H.A., ch. 106½, § 40(h).

■ Based on the foregoing findings of fact and conclusions of law the court concludes that $82,000 of the $100,000 certificate of deposit under the name of the joint venture is the property of Luster, Friedman and Company, partnership debtor herein. Since the partnership is the sole creditor of the joint venture, the balance of the certificate of deposit shall be equally divided between Melvin R. Luster and Harold E. Friedman as their individual property. Pursuant to S.H.A., ch. 106½, § 40(h), *supra*, petitioner as a judgment creditor of the partnership has a priority interest in the $82,000 that is the partnership property. Since the petitioner is also a judgment creditor of the individual debtors herein, petitioner is entitled to share pro-rata with other creditors of the individual debtors in the balance of the certificate of deposit that is the property of the individual debtors.

WHEREFORE, IT IS HEREBY ORDERED that the trustee release $82,00 from the $100,000 certificate of deposit he holds into the estate of Luster, Friedman and Company, debtor in case no. 78 B 9573.

IT IS FURTHER ORDERED that the trustee equally divide the balance of the $100,000 certificate of deposit between the estates of Melvin R. Luster, no. 78 B 9574 and Harold E. Friedman, no. 78 B 9575.

## II.

This matter was heard on the counterclaim of the trustee naming 20 East Cedar Condominium Association as counter-defendant. By his counterclaim, the trustee seeks a turnover order and seeks to avoid liens upon the property of the debtors. Said liens were created by the counterdefendant in an attempt by counterdefendant to collect the judgment rendered in its fa-

vor by the Circuit Court of Cook County in case no. 74 CH 50.

The trustee's counterclaim is based upon 11 U.S.C. § 107(a)(1) which states that:

Every lien against the property of a person obtained by attachment, judgment, levy or other equitable process or proceedings within four months before the filing of a petition...shall be deemed null and void (a) *if at the time when such lien was obtained such person was insolvent.* (Emphasis added).

The trustee has alleged in his pleadings that the debtors were insolvent when the liens attached. However, there was no 'strict proof' of insolvency. There is no presumption of insolvency at the time the lien was obtained and the trustee has the burden "to plead and prove the insolvency of the debtor at the time the lien was secured." 4 *Collier on Bankruptcy*, par. 67.05, page 99–100 (14th ed.). The trustee has not proven insolvency.

THEREFORE, IT IS HEREBY ORDERED that the counterclaim of counter-plaintiff be and hereby is dismissed and denied in the absence of such proof of insolvency.