R.M. PERRY, Plaintiff-Appellant, v. ETHEL G. (GEORGIE) WILTSE, Defendant-Appellee.

First District (2nd Division)   No. 1—92—3679

Opinion filed December 7, 1993.

R.M. Perry, of Arlington Heights, appellant *pro se*.

David R. Wiltse, of Arlington Heights, for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff R.M. Perry filed suit in the circuit court of Cook County charging defendant Ethel Wiltse with three counts of libel *per se*. The trial court dismissed two counts of the complaint on April 22, 1992, and the remaining count was dismissed on September 24, 1992. Plaintiff contends that the trial court erred in finding that the allegedly defamatory statements were not actionable *per se*, and further erred in determining that a qualified privilege existed based upon defendant's status as a condominium board member and building manager.

Plaintiff was a tenant in an eight-unit building and defendant was a unit owner, board member and manager of the building at 509 North Dunton Street in Arlington Heights. Defendant sent plaintiff's landlady letters on June 6, 1989, November 29, 1989, and December 2, 1991, each containing references to plaintiff.

Plaintiff's verified complaint was filed on January 24, 1992, and sets forth the specific contents of these letters which serve as the basis for this cause of action. In count I, plaintiff asserted that defendant had falsely and maliciously attributed to plaintiff the crime of harassment by telephone (Ill. Rev. Stat. 1989, ch. 134, par. 16.4—1) due to the following statement in plaintiff's letter dated December 2, 1989: "[H]e called and harassed her every night." Count II sets forth plaintiff's claim that defendant falsely and maliciously accused plaintiff of disorderly conduct (Ill. Rev. Stat. 1989, ch. 38, par. 26—1) by the written assertion that plaintiff threatened a family in another unit of the building. The third count charged that the statement at issue in count II additionally presented defendant's false and malicious accusation that plaintiff committed the offense of intimidation. Ill. Rev. Stat. 1989, ch. 38, par. 12—6.

Pursuant to defendant's motion, the trial court dismissed counts II and III of the complaint on April 22, 1992, but denied the motion as to count I. On September 24, 1992, the court dismissed the remaining count, finding that the words were not libelous *per se* and that the publication was qualifiedly privileged due to defendant's positions on the building's board and as manager.

■ Plaintiff filed his notice of appeal on October 23, 1992, which revealed that the appeal was taken from the order entered on September 24, 1992. It did not refer to the order entered on April 22, 1992. Defendant argues that the earlier order is not properly before this court based upon plaintiff's failure to mention it in the notice of appeal. However, defendant has not identified any prejudice resulting from plaintiff's failure to specify that he was appealing from both orders. (See *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 394 N.E.2d 380.) Since the defect was one of form rather than substance and the parties knew the orders from which this appeal arose, failure to list the order of April 22, 1992, which was not immediately appealable, is insufficient to establish that the earlier order is not properly before us.

■ Concerning the merits of this appeal, plaintiff argues that the trial court erred in finding that the words "he called and harassed her every night" and "he threatened the mans [*sic*] family" were not libelous *per se*. The applicable test, set forth by the Illinois Supreme Court in *Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 442 N.E.2d

195, is the modified innocent construction rule. According to this rule, statements must be considered in context and if they could reasonably be innocently construed, the words are not actionable *per se.* In the instant case, these assertions, viewed within the context of defendant's letter and applying the natural and obvious meaning of the words employed, are clearly capable of an innocent or noncriminal construction. We note that defendant used the word "harass" a number of times in the letter and this usage reveals that the term was employed not to suggest the commission of a criminal offense but rather in the sense of to bother or irritate. Further, the letter sets out the altercation which arose between plaintiff and another tenant, and does not clearly implicate plaintiff as committing the criminal offense of disorderly conduct.

■ Further, plaintiff asserts that the trial court's determination that a qualified privilege protected defendant's words is not supported by the evidence. The applicable standard in privilege cases is whether the statement was made (1) in good faith; (2) with an interest or duty; (3) limited to the scope of the interest or duty; (4) on a proper occasion; and (5) to a proper party. (*Mittelman v. Witous* (1989), 135 Ill. 2d 220, 552 N.E.2d 973.) This is clearly met in the instant case. As a condominium board member and building manager defendant had a legitimate interest, the information was provided only to plaintiff's landlady and there is no evidence of bad faith.

Accordingly, the orders of dismissal are affirmed.

Affirmed.

McCORMICK, P.J., and HARTMAN, J., concur.