THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WAYNE CHANEY, Defendant-Appellee (Donna Chaney *et al.*, Appellees).

First District (2nd Division)   No. 1—92—2478

Opinion filed December 28, 1993.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Laura L. Morrison, and Rogelio Pena, Assistant State's Attorneys, of counsel), for the People.

Thomas J. McElligott, of Chicago, for appellees.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court:

The State appeals from an order of the trial court vacating a bond forfeiture against defendant Wayne Chaney and directing the clerk of the circuit court to release bail bond funds to defendant's mother, Donna Chaney, and his brother, Kenneth Chaney. The State contends, *inter alia*, that the trial court erred in vacating an order of bond forfeiture against defendant and refusing to enter judgment on the bond forfeiture as required by statute. We reverse the decision of the trial court in that judgment in favor of the State is mandated under the facts and circumstances of this case, by the terms and conditions of the bail bond and statutory enactments.

On July 30, 1991, police arrested defendant and charged him with multiple counts of home invasion, aggravated criminal sexual assault and unlawful use of weapon. Bond was originally set at $300,000, but pursuant to defendant's motion was reduced to $100,000. On October 4, 1991, Kenneth Chaney posted defendant's bail by depositing the sum of $10,000 in cash with the clerk of the circuit court of Cook County. A specific provision of the bail bond provided that defendant was released on the condition that defendant "appear to answer the charge in court until discharge or final order of court," and defendant's "failure to appear may result in a *** forfeiture of [his] bail bond and a judgment against [him]." Defendant signed a section of the bail bond form that stated: "I hereby authorize the return of the money posted above to the person shown on this bail bond as having provided money for my bail after all conditions of this bail bond have been met." Kenneth Chaney signed a section of the bond that stated in relevant part: "I hereby acknowledge that I have posted bail for the defendant named above. I further understand that if the defendant fails to comply with the conditions of this bail bond, that the court shall enter an order declaring the bail to be forfeited."

Defendant failed to appear in court on February 5, 1992. The trial court entered a bond forfeiture, issued an arrest warrant and continued the case to March 6, 1992, for judgment.

Defendant failed to appear in court on March 6, 1992, and the State requested that judgment on the bond forfeiture be entered. Defendant's attorney represented to the trial court that Donna Chaney was present in open court, that she raised the bail bond funds through a second mortgage on her home and that it would be a terrible hardship on her if the bond goes into judgment (forfeiture and judgment against bail bond funds). The State reminded the trial court that in support of defendant's motion to reduce his $300,000

bond, Donna Chaney represented that if the bond was "lowered to something she could put up with Wayne Chaney, the defendant would live in her house with her and that she would assure that he appear at each and every one of the court dates." The trial court continued the motion for judgment on the bond forfeiture to May 13, 1992. The trial court stated that if Donna Chaney obtained information of defendant's whereabouts, she could inform the State.

On March 28, 1992, defendant died from multiple gunshot wounds sustained in an incident involving police efforts to apprehend him.

On May 13, 1992, Donna Chaney appeared with an attorney and requested the return of the bail bond funds to her. The State continued to demand that judgment be entered in its favor. The trial court continued the motions from time to time. Once the motions were continued for the purpose of requiring the attendance of Kenneth Chaney or his affidavit disclaiming an interest in the bail bond funds.

On June 3, 1992, Donna Chaney filed a petition requesting the trial court to vacate the bond forfeiture and release the bail bond funds to her. The trial court was advised that the bail deposit of $10,000 was raised by Donna Chaney and physically posted for defendant by Kenneth Chaney. The petition further stated that these funds were borrowed and that Donna Chaney would suffer a severe hardship if the funds were lost. The petition asserted that due to the death of defendant, the prosecution was abated and there was no further purpose to retain the deposit. Upon hearing argument, the trial court granted the petition, and over the State's objection, ordered the bail funds released to Kenneth Chaney and Donna Chaney, jointly.

First we address jurisdictional issues raised by appellees in their motion to dismiss. This motion was taken with the case. The heading of the notice of appeal mistakenly lists the State as the "Plaintiff-Appellee" and Wayne Chaney as "Defendant-Appellant." In fact, the State is the "Plaintiff-Appellant" and Donna Chaney and Kenneth Chaney are the "Appellees." Defendant is deceased and no representative of Wayne Chaney has appeared in this case. The body of the notice of appeal lists Jack O'Malley, State's Attorney of Cook County, as the appellant. In fact, The People of the State of Illinois are the appellants and Jack O'Malley, State's Attorney of Cook County, is their attorney. The notice of appeal gives the date of the order appealed from as well as the substance of that order.

■ Appellees argue that the designation of the State as plaintiff-appellee in the heading of the notice of appeal and naming the State's Attorney as the appellant in the body of the notice of appeal negate the vesting of this court with jurisdiction. These mistakes are

technical in nature. In view of the trial court proceedings, the notice of appeal inescapably leads to the conclusion that the State, by its attorney, is appealing from the ruling of the trial court. Appellees' brief responded to the issues of the State's challenge to the order releasing bail bond funds to them. It is well settled that a notice of appeal is to be construed liberally. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433-34, 340 N.E.2d 380.) The purpose of the notice is to inform the prevailing party in the trial court that the unsuccessful party seeks a review by a higher court. (*Burtell,* 76 Ill. 2d at 433.) The failure to comply strictly with the form of the notice of appeal is not fatal if the deficiency is one of form and not of substance, and the appellee is not prejudiced. (*Burtell,* 76 Ill. 2d at 434.) The defect here is one of form only and appellees are not prejudiced by the technical mistakes.

Appellees also argue that this court lacks jurisdiction to consider this appeal because the State failed to join necessary parties, failed to raise the issues appealed in the notice of appeal and failed to seek a stay of judgment in the trial court.

■ A notice of appeal is required to bear the title of the case, naming and designating the parties in the same manner as in the trial court and adding the further designation "appellant" or "appellee." (134 Ill. 2d R. 303(c)(1)(ii).) Appellees appeared in open court with their attorney and were allowed to intervene in the trial court proceedings. Donna Chaney and her attorney signed a petition for the return of bail and vacation of bond forfeiture. Thus, Donna Chaney became a party to these proceedings by her intervention. (See *W.H. Lyman Construction Co. v. Village of Gurnee* (1985), 131 Ill. App. 3d 87, 445 N.E.2d 273.) Kenneth Chaney, who deposited the bail bond funds, signed the bail bond, appeared in open court and offered no objection to the trial court's direction that his name be placed on the bail bond refund check. Notwithstanding defendant's death, the petition to vacate bond forfeiture and release the funds to Donna Chaney was titled "*People v. Wayne Chaney.*" Therefore, the State properly titled the case on appeal, despite joinder of appellees in the trial court. The party filing the notice of appeal is required to serve notice upon every other party or person entitled to notice within seven days after the filing of the notice of appeal. (134 Ill. 2d R. 303(d).) Appellees do not dispute the State's service of the notice of appeal on them, which was the proper manner for the State to bring them before this court as parties joined in the trial court proceeding. See *Barrett v. Farina* (1947), 287 Ill. App. 628, 5 N.E.2d 617 (abstract of opinion).

■ Appellees' argument that the notice of appeal failed to state

what court rulings are appealed is contrary to the plain language of the notice. The notice states that the appeal is from the trial court's refusal to enter judgment on the bond forfeiture and for returning the bail to the appellees, as persons who put up the money. This statement of the court ruling appealed from is sufficient and appellees' argument is without merit.

■ Appellees also argue that this matter should be dismissed because of a failure to have the judgment stayed. The Code of Criminal Procedure (the Code), which is applicable to this issue, states in relevant part:

> "If an appeal is prosecuted by *** a public officer in his official capacity for the benefit of the public, the trial court, or the reviewing court or a judge thereof, may stay the judgment pending appeal without requiring that any bond be given." (134 Ill. 2d R. 305(g).)

At the June 3 hearing, the trial court stayed its order for a status check on the State's appeal. In setting June 30 as the date to check status, the trial court stated "that way we'll see if the State has filed its notice of appeal or if not, the clerk can actually issue the check." The record indicates that on June 30, the trial court granted the State's oral motion to have the June 3 order stayed pending this appeal. The trial court, in the proper exercise of its discretion, did not require the State to post a bond. The plain language of the Code permits the trial court to exercise its discretion and not require the posting of a bond as a condition of stay pending appeal.

For the above reasons, we deny appellees' motion to dismiss.

We now turn to the merits of this appeal and address the State's argument that the trial court erred by failing to enter judgment on the bond forfeiture under the facts and circumstances of this case. The Code provides:

> "If the accused does not comply with the conditions of the bail bond the court having jurisdiction shall enter an order declaring the bail to be forfeited. *** If the accused does not appear and surrender to the court having jurisdiction within 30 days from the date of the forfeiture or within such period satisfy the court that appearance and surrender by the accused is impossible and without his fault the court shall enter judgment for the State if the charge for which the bond was given was a felony or misdemeanor." Ill. Rev. Stat. 1991, ch. 38, par. 110—7(g).

■ Defendant's failure to appear in court on February 5, 1992, to answer to the charges, without explanation, constituted noncompliance with the terms and conditions of the bail bond. The provisions of the bail bond specifically stated to interested parties that defendant's failure to appear in court could result in a forfeiture of

bail and judgment. The trial court's order of forfeiture of bail and a continuance for judgment complied with the statutory provisions affording defendant an opportunity to avoid judgment by surrendering himself to the trial court within 30 days or satisfy the trial court that his appearance and surrender were impossible and without fault. Hence, by operation of law, the State was vested with the right to judgment 30 days from the bond forfeiture entered if defendant failed to appear in court and advance an explanation for his nonappearance or failed to surrender or satisfy the court that he could not surrender himself within 30 days from the forfeiture date. The State cannot be divested of its right to judgment without legal justification. The bail bond funds were deposited by Kenneth Chaney, acting as agent of Donna Chaney, with full knowledge of the risk of forfeiture if defendant failed to appear in court to answer to the charges. In support of defendant's motion for a reduction in bail, Donna Chaney specified that she would assure that defendant would appear at each and every court date. Donna Chaney's hardship, in having to repay borrowed funds, does not ameliorate the risk she knowingly assumed, nor is it a legal justification to divest the State of its right to judgment mandated by the bail bond and the Code under the facts and circumstances of this case.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded with directions to vacate the order of June 3, 1992, and enter judgment on the bond forfeiture in favor of the State.

Reversed and remanded with directions.

HARTMAN and DiVITO, JJ., concur.