820 N.E.2d 1195 (2004)
354 Ill. App.3d 468
290 Ill.Dec. 128
In re D.R. & T.R., Minors (The People of the State of Illinois, Petitioner-Appellee,
v.
Apreley R., Respondent-Appellant).
Nos. 3-04-0566, 3-04-0567.
Appellate Court of Illinois, Third District.
December 20, 2004.
*1196 Dana M. Kelly (Court-appointed), Peoria, for A.R.
Lawrence M. Bauer, Deputy Director, State's Attorneys Appellate Prosecutor, Ottawa, Kevin W. Lyons, State's Attorney, Peoria, Judith Z. Kelly, State's Attorneys Appellate Prosecutor, Ottawa, for the People.
Justice McDADE delivered the opinion of the court:
The respondent, Apreley R., appeals from orders of the circuit court finding D.R. and T.R. neglected and making them wards of the court. The respondent argues that the evidence of her retail theft and the involvement of D.R. in the theft was insufficient to support the findings that D.R. and T.R. were neglected. We affirm in part and reverse in part.

FACTS
On September 20, 2003, the respondent went to the Famous Barr department store in Peoria with a 16-year-old girl and the respondent's four-year-old son, D.R. Over a period of approximately 30 minutes, the respondent selected articles of adult clothing and handed them to the 16-year-old, who removed the price tags and piled the clothes up on the floor. Throughout this period, store security watched them through closed-circuit cameras. The pile of clothes was out of the cameras' view, however, so the store manager walked to the area and observed the pile.
After approximately 30 minutes, the respondent placed the articles of clothing in two Famous Barr bags. The three attempted to walk out of the store with the clothes; the 16-year-old carried one bag and D.R. carried the other bag. After exiting the store, store security stopped them. Upon searching the bags, store security recognized the clothes as the ones seen through the closed-circuit cameras. The total value of the stolen items was $470. The respondent, pregnant with T.R. at the time, was arrested and handcuffed in the presence of D.R.
On November 14, 2003, the State filed a petition, alleging that D.R. was neglected. The State argued that the minor was in an injurious environment, as evidenced by the incident in which the respondent had D.R. assist her in committing retail theft. On January 22, 2004, the State filed another petition, alleging that T.R., who was born on October 17, 2003, was neglected for the same reason. The circuit court consolidated the two actions.
*1197 An adjudicatory hearing was held on April 2, 2004, in which a store security member testified to the aforementioned incident. The State also entered into evidence two recordings made by the closed-circuit cameras. At the end of the hearing, the circuit court adjudged both D.R. and T.R. neglected. The circuit court held a dispositional hearing on June 25, 2004, and found that it was in the minors' best interests to be made wards of the court.
The respondent filed notices of appeal from the dispositional orders of June 25, 2004. Nowhere on these fill-in-the-blank forms did the respondent indicate her intent to challenge the adjudicatory orders of April 2, 2004. On appeal, the respondent argues that the circuit court (1) erroneously adjudged D.R. neglected because proof of theft alone is insufficient to establish an injurious environment; and (2) erroneously adjudged T.R. neglected because proof of neglect as to D.R., without more, is insufficient to establish that T.R. was subjected to an injurious environment.

ANALYSIS

JURISDICTION
Initially, the State contends that this court lacks jurisdiction to hear the respondent's argument because the respondent did not specify her intent to challenge the neglect adjudications in her notices of appeal. We disagree.
Supreme Court Rule 303(b)(2) (155 Ill.2d R. 303(b)(2)) requires a notice of appeal to "specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." In Burtell v. First Charter Service Corp., 76 Ill.2d 427, 31 Ill.Dec. 178, 394 N.E.2d 380 (1979), our supreme court noted that "the appeal from a subsequent final judgment `draws in question all prior non-final orders and rulings which produced the judgment.' [Citation.]" Burtell, 76 Ill.2d at 433, 31 Ill.Dec. 178, 394 N.E.2d at 382. Furthermore, "it is generally accepted that a notice of appeal is to be liberally construed." Burtell, 76 Ill.2d at 433, 31 Ill.Dec. 178, 394 N.E.2d at 382. Burtell therefore approves (or at least allows) a less-than-strict reading of Rule 303(b)(2)'s language.
In support of its argument, the State cites In re J.P., 331 Ill.App.3d 220, 264 Ill.Dec. 464, 770 N.E.2d 1160 (2002), for the proposition that an appellate court lacks jurisdiction if the respondent failed to include an intent to challenge a neglect adjudication within a notice of appeal from a dispositional order.
In J.P., two children were adjudicated abused and neglected and made wards of the court at the dispositional hearing. The father filed a notice of appeal from both the adjudication order and the dispositional orders. The mother, however, filed a notice of appeal from the dispositional orders only. On appeal, the mother attempted to argue that the adjudication order was against the manifest weight of the evidence.
The court dismissed the mother's adjudicatory order claims on jurisdictional grounds:
"[W]e note that the notice of appeal filed by [the mother] specifies that appeal is taken solely from the November 30, 1999 dispositional order. Illinois Supreme Court Rule 303(b)(2) (155 Ill.2d R. 303(b)(2)) requires a notice of appeal to `specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court.' When an appeal is taken from a specified judgment, the appellate court acquires no jurisdiction to review other judgments or parts of judgments not specified or fairly inferred from the notice. [Citation.] Because [the mother's] *1198 notice of appeal does not specify appeal is taken from the court's June 8, 1999 adjudication order, we are without jurisdiction to consider her claims with respect to this order." J.P., 331 Ill.App.3d at 234, 264 Ill.Dec. 464, 770 N.E.2d at 1171.
A similar situation arose in In re F.S., 347 Ill.App.3d 55, 282 Ill.Dec. 499, 806 N.E.2d 1087 (2004). There, F.S. was adjudged abused and neglected by F.S.'s legal guardian and custody was taken from the guardian at the dispositional hearing. The guardian filed a notice of appeal from the adjudicatory order, but not the dispositional order. On appeal, the guardian attempted to argue that the dispositional order was against the manifest weight of the evidence.
The court disposed of the guardian's dispositional order claim on jurisdictional grounds, and cited J.P. with approval: "In essence, the J.P. court found that, based on the notice of appeal, which specified that appeal was being taken from the dispositional order, it could not fairly infer the adjudication order from the notice of appeal." F.S., 347 Ill.App.3d at 70, 282 Ill.Dec. 499, 806 N.E.2d at 1099. The F.S. court, however, considered other applicable case law that the J.P. court did not consider.
The F.S. court noted that an appellate court may retain jurisdiction if the unspecified judgment is a "`step in the procedural progression leading'" to the judgment specified in the notice of appeal. F.S., 347 Ill.App.3d at 69, 282 Ill.Dec. 499, 806 N.E.2d at 1098, quoting Burtell v. First Charter Service Corp., 76 Ill.2d 427, 31 Ill.Dec. 178, 394 N.E.2d 380 (1979). In its analysis, the F.S. court stated:
"In the case at bar, the adjudication order cannot directly relate back to the disposition order because the adjudication order preceded the disposition order. By its very nature, the disposition order follows not only the adjudication order, but also a subsequent dispositional hearing, and cannot be said to be `a "step in the procedural progression leading" to the [adjudication order that was] specified in the notice of appeal.'" In re F.S., 347 Ill.App.3d 55, 282 Ill.Dec. 499, 806 N.E.2d at 1098, quoting Burtell, 76 Ill.2d 427, 31 Ill.Dec. 178, 394 N.E.2d 380.
One district of the State appellate court is not bound by the decision of another district unless a compelling reason exists to so follow when the facts and circumstances are similar. In re Will County Grand Jury, 152 Ill.2d 381, 178 Ill.Dec. 406, 604 N.E.2d 929 (1992). We believe that the question of whether a judgment is "fairly inferred" from the notice of appeal must include a consideration of whether the unspecified judgment is a step in the procedural progression leading to the judgment specified in the notice of appeal, as stated by our supreme court in Burtell. Had the J.P. court applied the Burtell analysis to its facts, we believe the J.P. court would have reached the opposite conclusion. Because we disagree with the J.P. analysis, we do not find any compelling reason to follow the first district's decision in J.P. Accordingly, we decline to adopt the J.P. analysis.
In In re J.J., 316 Ill.App.3d 817, 250 Ill.Dec. 103, 737 N.E.2d 1080 (2000), this court previously found a lack of jurisdiction to review claims pertaining to an adjudicatory hearing. One of the bases the court cited for its finding was that the appellant had not specified the adjudicatory order in her notice of appeal. However, unlike the instant case, the appellant in In re J.J. failed to file a timely appeal from the dispositional order. Although we did not specifically say so at that time, such a filing would have been sufficient to vest *1199 the court with jurisdiction. This observation is consistent with the court's statement that: "In a juvenile case, the adjudicatory order is generally not appealable because it is not a final order. [Citation.] Rather, claims pertaining to the adjudicatory hearing are appealable upon entry of the court's dispositional order, which is final." In Re J.J., 316 Ill.App.3d at 825-26, 250 Ill.Dec. 103, 737 N.E.2d 1080.
The statutes invoked by this case show that an adjudicatory order is a step in the procedural progression leading to the dispositional order. See Burtell, 76 Ill.2d 427, 31 Ill.Dec. 178, 394 N.E.2d 380. At the adjudication hearing, the court is to determine whether the minor is abused, neglected, or dependent. 705 ILCS 405/2-21(1) (West 2002). If the court finds the minor is abused, neglected, or dependent, the court is to state the factual basis in writing and schedule a dispositional hearing within 30 days of the finding. 705 ILCS 405/2-21(2) (West 2002). At the dispositional hearing, the court is to determine whether it is in the best interests of the abused, neglected, or dependent minor to be made a ward of the court. 705 ILCS 405/2-22(1) (West 2002). The dispositional order that follows from the hearing determines the placement of the abused, neglected, or dependent minor. 705 ILCS 405/2-23 (West 2002). Because an adjudicatory hearing and subsequent order finding a minor abused, neglected, or dependent are prerequisites to a dispositional hearing and order, we hold that an adjudicatory order is a step in the procedural progression leading to the dispositional order. See Burtell, 76 Ill.2d 427, 31 Ill.Dec. 178, 394 N.E.2d 380.
Additionally, we note that "[u]nless the appellee is prejudiced thereby, the absence of strict technical compliance with the form of the notice is not fatal, and where the deficiency in the notice is one of form only, and not of substance, the appellate court is not deprived of jurisdiction." Burtell, 76 Ill.2d at 434, 31 Ill.Dec. 178, 394 N.E.2d at 383. In Burtell, a notice of appeal that did not specify an earlier judgment but did specify a later judgment was held sufficient to confer appellate jurisdiction because the earlier judgment was a step in the procedural progression leading to the later judgment. Burtell, 76 Ill.2d 427, 31 Ill.Dec. 178, 394 N.E.2d 380.
Like the notice of appeal form in Burtell, the form in this case omits the previous judgment and specifies the later judgment. The form in this case is a basic, fill-in-the-blank form apparently used for both civil and criminal appeals. The form does not have a blank for the relief sought by the appellant. The form does contain a blank for "Date of Judgment or Order," in which the date of the dispositional orders are written, but not the date of the adjudicatory orders.
We further note that, subject to an exception not applicable here, an adjudicatory order is not a final and appealable order. In re M.J., 314 Ill.App.3d 649, 247 Ill.Dec. 735, 732 N.E.2d 790 (2000); 134 Ill.2d R. 662(a). Thus, it would be illogical for the respondent to include the date of the adjudicatory orders in the "Date of Judgment or Order" blanks on the notice of appeal forms. Accordingly, the notice of appeal form in this case contains an error of form rather than substance. See Burtell, 76 Ill.2d 427, 31 Ill.Dec. 178, 394 N.E.2d 380.
Lastly, we note that the State has not alleged any prejudice if we find jurisdiction to hear the respondent's claims, nor do we perceive how the State could be prejudiced thereby. The State is clearly aware that an adjudicatory order is a prerequisite to obtaining a dispositional order, and that the adjudicatory order itself may not be appealed.
*1200 Given the interests at stake, the structure of the notice of appeal form, and the fact that an adjudicatory order is both a nonappealable order and a step in the procedural progression leading to the dispositional order specified in the notice of appeal, we find that the respondent's intent to challenge the neglect adjudication can be fairly inferred from her notices of appeal. Therefore, we have jurisdiction to hear the respondent's arguments.

NEGLECT AS TO D.R.
The respondent first argues that the circuit court erroneously adjudged D.R. neglected because proof of theft alone is insufficient to establish an injurious environment. We disagree.
Section 2-3(1)(b) of the Juvenile Court Act of 1987 (705 ILCS 405/2-3(1)(b) (West 2002)) provides that a neglected minor includes "any minor under 18 years of age whose environment is injurious to his or her welfare." An "injurious environment" has no static definition and must be defined in terms of the particular facts of a case. In re M.K., 271 Ill.App.3d 820, 208 Ill.Dec. 242, 649 N.E.2d 74 (1995). In general, a parent neglects her child when the parent's conduct exhibits the "failure to exercise the care that circumstances justly demand and encompasses both wilful and unintentional disregard of parental duty." M.K., 271 Ill.App.3d at 826, 208 Ill.Dec. 242, 649 N.E.2d at 79. We will not disturb a circuit court's neglect determination unless it is against the manifest weight of the evidence. M.K., 271 Ill.App.3d 820, 208 Ill.Dec. 242, 649 N.E.2d 74. A determination is against the manifest weight of the evidence when the record clearly supports the opposite result. M.K., 271 Ill.App.3d 820, 208 Ill.Dec. 242, 649 N.E.2d 74.
Our review of the record reveals that the circuit court heard extensive testimony regarding the retail theft incident. The evidence included videotapes that show the respondent willfully engaging in the theft with the 16-year-old, and the respondent willfully making D.R. an accomplice by allowing him to carry a bag containing the clothes they were attempting to steal. In its determination, the circuit court noted that the respondent attempted to use D.R. as a diversion as well as an accomplice in a criminal act, and that the respondent was arrested and handcuffed in the presence of D.R. Under these circumstances, we find that the evidence of the theft and the respondent's inclusion of D.R. in the crime is sufficient to establish an injurious environment based on a wilful disregard of parental duty. Therefore, we find that the circuit court's neglect determination in regard to D.R. is not against the manifest weight of the evidence.

NEGLECT AS TO T.R.
The respondent next argues that the circuit court erroneously adjudged T.R. neglected because proof of neglect as to D.R., without more, is insufficient to establish that T.R. was subjected to an injurious environment. We agree.
Section 2-18(3) of the Juvenile Court Act of 1987 (705 ILCS 405/2-18(3) (West 2002)) provides that the evidence of neglect of one minor is admissible as evidence of neglect in regard to any other minor for whom the respondent is responsible. Such evidence is not per se proof of "anticipatory neglect," however, as each case must be reviewed contextually. J.P., 331 Ill.App.3d 220, 235, 264 Ill.Dec. 464, 770 N.E.2d 1160, 1172. In determining whether such evidence establishes anticipatory neglect, the circuit court "should consider the current care and condition of the child in question and not merely the circumstances that existed at the time of the incident involving the child's sibling." *1201 J.P., 331 Ill.App.3d 220, 235, 264 Ill.Dec. 464, 770 N.E.2d 1160, 1172.
Our review of the record reveals that the circuit court based its finding that T.R. was neglected solely upon the retail theft incident involving D.R. Nowhere in the record is there any indication that the State presented the court with any evidence concerning the current care and condition of T.R. for consideration in reaching its determination. Under these circumstances, we find that the circuit court erred when it found T.R. neglected based on anticipatory neglect and that portion of its judgment must be reversed.
The judgment of the circuit court of Peoria County is affirmed in part and reversed in part.
Affirmed in part and reversed in part.
HOLDRIDGE, P.J., and SCHMIDT, J., concur.