2023 IL App (1st) 221097-U

No. 1-22-1097

Order filed August 18, 2023

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | |
| | ) | Appeal from the |
| RADOSLAW MUSIEJUK | ) | Circuit Court of |
| | ) | Cook County. |
| Petitioner-Appellant, | ) | |
| | ) | No. 2017 D 4188 |
| and | ) | |
| | ) | Honorable |
| ANNA MUSIEJUK, | ) | Abbey Fishman Romanek, |
| | ) | Judge presiding. |
| Respondent-Appellee. | ) | |

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Delort and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the trial court's order where petitioner failed to present a sufficiently complete record or a reasoned argument to support his claims.

¶ 2   Petitioner Radoslaw Musiejuk appeals the trial court's order reducing his child support payments and ordering the parties to share education expenses of their child. Appearing *pro se*, he raises the following issue: did the trial court commit reversible error in modifying the amount of child support and allocating education expenses between the parties because it failed to enforce the parties' marital settlement agreement? For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4      Radoslaw Musiejuk and Anna Musiejuk dissolved their marriage in May 2017. The parties executed a joint parenting agreement and a marital settlement agreement, and the judgment for dissolution of marriage incorporated the marital settlement agreement. Under the marital settlement agreement, Radoslaw Musiejuk was to pay Anna Musiejuk child support for the parties' two minor children in the amount of $133.00 per week. About a year and a half later, in January 2019, Anna Musiejuk brought a petition for rule to show cause against Radoslaw Musiejuk for failure to pay child support. While the petition was pending, Anna Musiejuk also filed a motion to modify child support. After a hearing, the trial court modified child support to $1162.00 per month and directed Radoslaw Musiejuk to provide "proof that the receipts that were presented in Court today were previously tendered." Those receipts presented at the hearing purported to represent Radoslaw Musiejuk's cash payments of child support.

¶ 5      Anna Musiejuk subsequently filed a second motion to modify child support, alleging that she has never received the cash payments as reflected on the receipts. She averred that she signed some of the receipts because Radoslaw Musiejuk told her that he would not pay child support if she refused to sign. The trial court held an evidentiary hearing and found that there was no compelling cause or justification for Radoslaw Musiejuk's failure to pay child support. The trial court set his child support arrearage at $12,510.80.

¶ 6      After a few months, the parties returned before the trial court on Radoslaw Musiejuk's petition to modify and abate child support, and he argued that his obligation—including modified child support, mortgage contribution, arrearage payment, and attorney fees—should be abated due to his unemployment. Anna Musiejuk also filed a motion for post high school expense

contribution. Following a hearing, on May 31, 2022, the trial court entered an order (1) setting a payment plan to pay off the arrearage of $7,016.52; (2) ordering him to share the college tuition and costs for one of the children; and (3) reducing his child support obligation to $536.00 per month. Radoslaw Musiejuk appealed.

¶ 7                                            ANALYSIS

¶ 8      As an initial matter, we recognize that Radoslaw Musiejuk is proceeding *pro se*. However, litigants' *pro se* status does not relieve them of their burden to comply with the court rules. *Oruta v. B.E.W. & Continental*, 2016 IL App (1st) 152735, ¶ 30; see also *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 57 ("Supreme court rules are not advisory suggestions, but rules to be followed.").

¶ 9      Anna Musiejuk raises a threshold issue of whether Radoslaw Musiejuk has filed a timely notice of appeal. A reviewing court "must ascertain its jurisdiction before proceeding in a cause of action, regardless of whether either party has raised the issue." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). The timely filing of a notice of appeal is both jurisdictional and mandatory. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). In general, the notice of appeal must be filed within 30 days after entry of the trial court's final judgment. Ill. S. Ct. R. 303(a) (eff. July 1, 2017). When a party fails to file a notice of appeal within that 30-day period, Rule 303(d) allows the reviewing court to grant the party leave to appeal if the party has filed a motion providing a reasonable excuse for failure to file a timely notice, accompanied by the proposed notice of appeal, within 30 days after expiration of the time to file the timely notice. Ill. S. Ct. R. 303(d).

¶ 10    Radoslaw Musiejuk purports to appeal the trial court's order entered on May 31, 2022. Having failed to file a timely notice of appeal within 30 days from that date—on or before June 30, 2022—he filed a motion for leave to file a late notice of appeal on July 26, 2022, which we granted. *In re Marriage of Musiejuk*, No. 1-22-1097 (filed Aug. 5, 2022) (order granting leave to file late notice of appeal). Because the motion was filed within 30 days after expiration of the time to file timely notice, Radoslaw Musiejuk's notice of appeal was timely under Rule 303(d).

¶ 11    Anna Musiejuk contends that the issue regarding cash payments was finalized in February 2021 at the latest and that Radoslaw Musiejuk's instant appeal is untimely as to that issue. Here, the notice of appeal was filed on August 5, 2022 with the grant of his motion for leave to file a late notice of appeal and is unquestionably untimely with respect to issues from February 2021.[1] See Ill. S. Ct. R. 303 (allowing up to 60 days to file a notice of appeal). In fact, Radoslaw Musiejuk had already attempted to appeal orders addressing cash payments by filing a motion for leave to file a late notice of appeal in June 2022. We had denied the motion as untimely. *In re Marriage of Musiejuk*, No. 1-22-0782 (filed June 8, 2022) (order denying leave to file late notice of appeal).

¶ 12    Aside from the untimely appealed issue, Radoslaw Musiejuk's remaining argument appears to rest on a contention that the parties' marital settlement agreement was somehow not enforced. His argument, however, does not comply with Rule 341(h)(7). See Ill. S. Ct. R. 341 (eff. Oct. 1, 2020). Rule 341(h) sets forth requirements for the content of appellant's briefs, providing

---

[1]In addition, the notice of appeal does not specify any order that addressed the cash payments issue. See Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017). A reviewing court does have jurisdiction to consider an unspecified judgment "if it is a 'step in the procedural progression leading' to the judgment specified in the notice of appeal." *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 435 (1979). However, nothing suggests, nor is any argument made, that an order finding propriety of cash payment evidence and setting child support arrearages is a procedural step leading to the judgment specified in the notice, which is an order modifying the amount of child support based on the parties' income and ordering the parties to share a child's education expenses.

that an appellant's brief must contain an "Argument" section that includes "*the contentions of the appellant and the reasons therefor*, with citation of the authorities and the pages of the record relied on." (Emphasis added.) *Id.* Here, he failed to set forth in his brief a fully developed and reasoned analysis for his argument, hindering a meaningful review. He lists (incompletely) multiple provisions of the marital settlement agreement, presents a few unintelligible sentences seeking relief, and entirely fails to explain what his arguments and their bases are. An issue that is not clearly defined and sufficient presented fails to satisfy the requirements of Rule 341(h)(7) and is forfeited. *Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 33; see also *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010) ("An issue that is merely listed or included in a vague allegation of error is not 'argued' and will not satisfy the requirements of the rule."). The procedural deficiencies in his brief therefore result in forfeiture of his arguments.

¶ 13    In addition to having forfeited his argument, Radoslaw Musiejuk did not provide a copy of the transcript from hearings that precipitated any of the orders he purports to challenge. An appellant has the burden to "present a sufficiently complete record of the proceedings at trial to support a claim of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of such record or an acceptable substitute, it is presumed that the trial court's order was "in conformity with law and had a sufficient factual basis." *Id.* at 392. Radoslaw Musiejuk's failure to provide a sufficiently complete record thus serves as an additional basis on which to affirm the trial court's judgment.

¶ 14    To the extent that he argues that the trial court committed error in failing to enforce the marital settlement agreement, it is well established that the trial court has the authority to modify a child support provision of a dissolution judgment entered in accordance with a settlement

agreement. *Blisset v. Blisset*, 123 Ill. 2d 161, 167-68 (1988); see also 750 ILCS 5/510(a), 513 (West 2018). Further, the modification of child support lies within the sound discretion of the trial court, and we do not interfere with that discretion absent its abuse. *In re Marriage of Rogers*, 213 Ill. 2d 129, 135 (2004). Again, the lack of a cohesive legal argument for the trial court's abuse of discretion, combined with the deficient record, supports our conclusion that we cannot review Radoslaw Musiejuk's claims on the merits.

¶ 15                                    CONCLUSION

¶ 16    The judgment of the circuit court of Cook County is affirmed.

¶ 17    Affirmed.