NOTICE: Under Supreme Court Rule 367 a party has 21 days after the filing of

the opinion to request a rehearing. Also, opinions are subject to

modification, correction or withdrawal at anytime prior to issuance of the

mandate by the Clerk of the Court. Therefore, because the following slip

opinion is being made available prior to the Court's final action in this

matter, it cannot be considered the final decision of the Court. The official

copy of the following opinion will be published by the Supreme Court's

Reporter of Decisions in the Official Reports advance sheets following final

action by the Court.

                                       

                                       

                  Docket No. 79547--Agenda 11--January 1996.

  REGINALD O'BANNER, Appellee, v. McDONALD'S CORPORATION et al. (McDonald's

                           Corporation, Appellant).

                                       

                         Opinion filed May 31, 1996.

     JUSTICE HARRISON delivered the opinion of the court:

     Reginald O'Banner brought an action in the circuit court of Cook County

to recover damages for personal injuries he allegedly sustained when he

slipped and fell in the bathroom of a McDonald's restaurant. In his

complaint, O'Banner named as defendants McDonald's Corporation (McDonald's)

and certain "unknown owners." See 735 ILCS 5/2--413 (West 1994). McDonald's

promptly moved for summary judgment on the grounds that the restaurant was

actually owned by one of its franchisees and that it neither owned, operated,

maintained, nor controlled the facility.

     After initially denying McDonald's motion, the circuit court granted

summary judgment in favor of the company and made an express written finding

that there was no just reason to delay an appeal. 155 Ill. 2d R. 304(a). The

appellate court subsequently reversed and remanded, with one justice

dissenting. 273 Ill. App. 3d 588. We granted McDonald's petition for leave to

appeal (155 Ill. 2d R. 315) and have allowed Amoco Oil Company, Burger King,

the Illinois Association of Defense Trial Counsel and the Illinois Trial

Lawyers Association to file briefs as friends of the court (155 Ill. 2d R.

345). For the reasons that follow, we now reverse and remand to the circuit

court.

     Before addressing the substantive issues before us, we note, as did the

appellate court, that there has been some confusion as to the basis for

appellate review. The appellate court realized that the circuit court had

entered a written finding under Rule 304(a) (155 Ill. 2d R. 304(a)), which

governs final judgments as to fewer than all parties or claims, but it did

not understand the purpose for such a finding. It believed that appellate

jurisdiction was proper only under Rule 301 (155 Ill. 2d R. 301), which

pertains to final judgments that dispose of an entire proceeding.

     What the appellate court overlooked was that McDonald's was not the only

defendant named in O'Banner's complaint. As we have previously indicated,

O'Banner named "unknown owners" as well. The "unknown owners" were not

involved in McDonald's motion for summary judgment, and the circuit court's

order granting McDonald's motion did not affect the continued viability of

O'Banner's claims against these remaining defendants. Accordingly, the

circuit court's order did not dispose of the entire proceeding and an appeal

could not have been brought under Rule 301. Because summary judgment was

granted to fewer than all of the defendants, the only basis for an immediate

appeal was under Rule 304(a). McDonald's itself clearly appreciated this, for

its summary judgment motions consistently included a request for entry of the

requisite Rule 304(a) findings.

     Although O'Banner's notice of appeal invoked Rule 301 rather than Rule

304(a), that mistake is of no consequence. Nothing in our rules requires a

notice of appeal to even mention whether review is sought under Rule 301 or

304(a). What is important is that the notice specify "the judgment or part

thereof or other orders appealed from and the relief sought from the

reviewing court" (155 Ill. 2d R. 303(b)(2)) so that the successful party is

advised of the nature of the appeal (see Burtell v. First Charter Service

Corp., 76 Ill. 2d 427, 433-34 (1979)). There is no question that this

requirement was satisfied here. Accordingly, O'Banner's citation to the wrong

rule was nothing more than harmless surplusage. His notice of appeal was

sufficient to invoke the appellate court's jurisdiction.

     The substantive issue before the appellate court, and the question which

concerns us today, is whether the circuit court erred in granting McDonald's

motion for summary judgment. Under section 2--1005(c) of the Code of Civil

Procedure (735 ILCS 5/2--1005(c) (West 1994)), a party is entitled to summary

judgment

          "if the pleadings, depositions, and admissions on file, together

          with the affidavits, if any, show that there is no genuine issue as

          to any material fact and that the moving party is entitled to

          judgment as a matter of law."

In applying this statute, the court must construe the pleadings, depositions

and affidavits strictly against the moving party and liberally in favor of

the opponent. Although use of the summary judgment procedure can be an

efficient means for disposing of certain lawsuits, it is a drastic measure

that should be employed only when the right of the moving party is clear and

free from doubt. Loyola Academy v. S&S Roof Maintenance, Inc., 146 Ill. 2d

263, 271 (1992).

     The circuit court here entered summary judgment in favor of McDonald's

based on the company's argument that it was merely the franchisor of the

restaurant where O'Banner was injured and, as such, had no responsibility for

the conditions that caused his accident. O'Banner challenged this conclusion

in the appellate court by theorizing that even though McDonald's was a

franchisor, it could nevertheless be held liable for the franchisee's

negligence under principles of respondeat superior because there was

sufficient evidence in the record to establish that the franchisee served as

McDonald's actual agent. In the alternative, O'Banner contended that

McDonald's could be vicariously liable for the acts and omissions of the

franchisee based on the doctrine of apparent agency.

     The appellate court rejected the actual agency theory based on the

documentary evidence, but held that there remained genuine issues of material

fact with respect to O'Banner's alternative theory of apparent agency.

Accordingly, it reversed and remanded for further proceedings. One justice

dissented, arguing that reliance on apparent agency was improper because the

theory was not properly raised in the circuit court and there was no factual

basis for it in the record. 273 Ill. App. 3d at 596-97 (Rakowski, J.,

dissenting). The dissenting justice further protested that the majority's

analysis was not supported by precedent from Illinois or elsewhere. 273 Ill.

App. 3d at 598-99 (Rakowski, J., dissenting).

     In the appeal before this court, the issue of actual agency has not been

pursued. The sole question before us is whether the appellate court erred in

reversing and remanding based on the theory of apparent agency. Although the

dissenting appellate court justice believed that the question of apparent

agency was not properly before the court for review, resolution of that issue

is unnecessary. Even if O'Banner had properly raised the theory of apparent

agency in the circuit court, summary judgment against him was nevertheless

proper.

     Apparent agency, also known in Illinois as apparent authority, has long

been recognized in this state and was recently discussed by our court in

Gilbert v. Sycamore Municipal Hospital, 156 Ill. 2d 511 (1993). The doctrine

is based on principles of estoppel. The idea is that if a principal creates

the appearance that someone is his agent, he should not then be permitted to

deny the agency if an innocent third party reasonably relies on the apparent

agency and is harmed as a result. Gilbert, 156 Ill. 2d at 523-24.

     Under the doctrine, a principal can be held vicariously liable in tort

for injury caused by the negligent acts of his apparent agent if the injury

would not have occurred but for the injured party's justifiable reliance on

the apparent agency. Gilbert, 156 Ill. 2d at 523-24. The fundamental obstacle

to O'Banner's recovery in this case concerns this element of reliance. Even

if one concedes that McDonald's advertising and other conduct could entice a

person to enter a McDonald's restaurant in the belief it was dealing with an

agent of the corporation itself, that is not sufficient. In order to recover

on an apparent agency theory, O'Banner would have to show that he actually

did rely on the apparent agency in going to the restaurant where he was

allegedly injured. See, e.g., Miller v. Sinclair Refining Co., 268 F.2d 114,

118 (5th Cir. 1959) (apparent agency theory rejected in affirming directed

verdict for Sinclair Oil because there was absolutely no evidence as to the

reason why appellant patronized filling station where he was injured).

     No amount of liberal construction can alter the fact that the record

before us is devoid of anything remotely suggesting that the necessary

reliance was present here. The pleadings and affidavit submitted by O'Banner

in the circuit court state only that he slipped and fell in the restroom of

a McDonald's restaurant. They give no indication as to why he went to the

restaurant in the first place. The fact that this was a McDonald's may have

been completely irrelevant to his decision. For all we know, O'Banner went

there simply because it provided the closest bathroom when he needed one or

because some friend asked to meet him there.

     If O'Banner had any basis to support his position, he was obliged to

present it to the circuit court. He did not do so, and the time for

substantiating any claim of reliance has passed. The appellate court was

therefore wrong to reverse the circuit court's entry of summary judgment in

McDonald's favor based on the apparent agency doctrine.

     For the foregoing reasons, the judgment of the appellate court is

reversed, the judgment of the circuit court is affirmed, and the cause is

remanded to the circuit court for further proceedings consistent with this

opinion.

Appellate court judgment reversed;

                                              circuit court judgment affirmed;

                                                               cause remanded.

                                                                              

     CHIEF JUSTICE BILANDIC, dissenting:

     I respectfully dissent from the majority's conclusion that summary

judgment against Reginald O'Banner was proper. The majority opinion holds

that the record is "devoid" of any facts suggesting that O'Banner relied on

an apparent agency in going to the McDonald's restaurant where he was

allegedly injured. Judges' proof at 9-10. I disagree with the majority's

assessment of the record.

     In addressing the issue of whether summary judgment was properly entered

against O'Banner, we must keep in mind that summary judgment is a drastic

remedy. In re Estate of Hoover, 155 Ill. 2d 402, 410 (1993). A court should

only grant summary judgment when the resolution of a case hinges on a

question of law and the moving party's right to judgment is clear and free

from doubt. Hoover, 155 Ill. 2d at 410; Colvin v. Hobart Brothers, 156 Ill.

2d 166, 169-70 (1993). If the court finds that the record contains any

genuine issue of material fact, it should deny the motion for summary

judgment. Because of the severity of the summary judgment remedy, the court

has a duty to construe the record strictly against the movant and liberally

in favor of the nonmoving party. Hoover, 155 Ill. 2d at 411; Colvin, 156 Ill.

2d at 170. When construing the record, the court may draw inferences from the

undisputed facts. Loyola Academy v. S&S Roof Maintenance, Inc., 146 Ill. 2d

263, 272 (1992); Pyne v. Witmer, 129 Ill. 2d 351, 358 (1989).

     Applying these principles to the case at bar, summary judgment should

not have been granted in McDonald's Corporation's favor. When the record is

viewed liberally in favor of O'Banner and strictly against McDonald's

Corporation, there remains a genuine issue of material fact concerning the

existence of an apparent agency relationship between McDonald's Corporation

and its franchisee, who operated the restaurant where O'Banner was allegedly

injured.

     The apparent agency doctrine recognizes that a "principal will be bound

not only by that authority which he actually gives to another, but also by

the authority which he appears to give." Gilbert v. Sycamore Municipal

Hospital, 156 Ill. 2d 511, 523 (1993). In other words, if the principal

creates the appearance that someone is his agent, the principal will not then

be permitted to deny the agency where an innocent third party has relied on

it and has been harmed as a result. Gilbert, 156 Ill. 2d at 524.

     This court recently applied the apparent agency doctrine in a tort case

in the context of a hospital setting in Gilbert v. Sycamore Municipal

Hospital, 156 Ill. 2d 511 (1993). There, a patient suffered a heart attack

after being treated and released by a physician at a hospital emergency room.

The patient sued the hospital for negligence, and the trial court granted the

hospital summary judgment on the theory that the hospital could not be held

vicariously liable because the emergency room physician was an independent

contractor, not an actual agent of the hospital. This court reversed the

grant of summary judgment in the hospital's favor, finding that a genuine

issue of material fact remained as to whether the physician was an apparent

agent of the hospital. Gilbert, 156 Ill. 2d at 526.

     Similarly, the apparent agency doctrine can and should be applied in a

franchisor-franchisee setting. See Shaffer v. Maier, 68 Ohio 3d 416, 627

N.E.2d 986 (1994); Watson v. Howard Johnson Franchise Systems, Inc., 216 Ga.

App. 237, 453 S.E.2d 758 (1995); Parker v. Domino's Pizza, Inc., 629 So. 2d

1026 (Fla. App. 1993); Gizzi v. Texaco, Inc., 437 F.2d 308 (3d Cir. 1971);

Crinkley v. Holiday Inns, Inc., 844 F.2d 156 (4th Cir. 1988). For a

franchisor to be vicariously liable for the acts of its franchisee under the

apparent agency doctrine, a plaintiff must show that: (1) the franchisor has

represented or permitted it to be represented that the party dealing directly

with the plaintiff is its agent; and (2) the plaintiff, acting in justifiable

reliance on such representations of the franchisor, has dealt with the agent

to the detriment of the plaintiff. Crinkley, 844 F.2d at 166; see Gilbert,

156 Ill. 2d at 525. The first element is satisfied where the franchisor holds

itself out as the provider of certain goods and services without informing

the patron that the goods and services are provided by another, whom it

considers to be a nonagent, such as a franchisee. The element of justifiable

reliance is satisfied if the plaintiff relies on the franchisor to provide

the goods and services, rather than on the franchisee.

     In the present case, the record contains facts from which it may

reasonably be inferred that McDonald's Corporation holds itself out as being

the entity responsible for the operation of McDonald's restaurants.

McDonald's Corporation's wide, national advertising and its reach into

virtually every aspect of its franchisee's business make a patron's

assumption that McDonald's Corporation runs McDonald's restaurants natural.

These facts can be gleaned from the license agreement, which is contained in

the record. The license agreement states: "McDonald's Corporation *** has

developed and operates a restaurant system (`McDonald's System'). *** The

McDonald's System is operated and is advertised widely within the United

States of America." The license agreement further reveals that McDonald's

Corporation strives, through its contractual agreements, to ensure that it

alone controls how the public perceives its restaurants. McDonald's

Corporation's "system" is described as being "comprehensive," the foundation

of which is the franchisee's adherence to McDonald's Corporation's "standards

and policies" "providing for the uniform operation of all McDonald's

restaurants within the McDonald's system." This includes requiring the

franchisee to serve only designated food and beverage products; to use only

prescribed equipment and building layout and designs; to have all employees

wear McDonald's Corporation's uniforms; to train management personnel at

McDonald's Corporation's "Hamburger University"; and to adhere strictly to

McDonald's Corporation's prescribed standards of "Quality, Service and

Cleanliness" in the franchisee's restaurant operation. The McDonald's

Corporation's national advertising also promotes its "system" without

distinguishing between company-owned and franchised properties. Pursuant to

this national advertising, the public is presented with an identical menu,

brand names and promotional offers in all McDonald's Corporation's

restaurants. Given these facts, a jury could reasonably conclude that

McDonald's Corporation acted in such a way as to create the appearance that

it owned and operated the McDonald's restaurant at which the plaintiff was

allegedly injured.

     The second element is whether O'Banner justifiably acted in reliance on

McDonald's Corporation's representations in going to the McDonald's

restaurant where he was allegedly injured. The majority opinion finds that

the record provides no indication as to why O'Banner went to the McDonald's

restaurant in the first place. Judges' proof at 10. I disagree with this

finding. O'Banner's reasons are readily inferable from the record. In his

response to McDonald's Corporation's motion for summary judgment, O'Banner

stated that he was a business invitee of a McDonald's restaurant. And in his

attached affidavit, he averred: "Upon information and belief, the executed

license agreement *** contains language which establishes that *** McDonald's

Corporation maintained control in the operation of the franchise and over the

daily procedures and business" of the McDonald's restaurant. As I noted above

in my discussion of the holding-out element, the license agreement shows a

great deal of control by McDonald's Corporation over the franchisee's

operation of the restaurant at issue. It further details how McDonald's

Corporation nationally advertises its "comprehensive" and "uniform"

restaurant "system" to the public as, inter alia, a "clean, wholesome

atmosphere." From these facts, a jury may infer that the public perception is

that a McDonald's restaurant is what it proclaims to be and not "ABC," the

franchisee's restaurant. Thus, when O'Banner's reply and affidavit are

considered along with the license agreement, there remains a genuine issue of

material fact as to whether O'Banner justifiably acted in reliance on the

franchisee's apparent authority in entering the McDonald's restaurant.

     After considering the record liberally in favor of O'Banner, I find that

it presents a genuine issue of material fact as to whether McDonald's

Corporation could be vicariously liable for the acts of its franchisee based

on the doctrine of apparent agency. O'Banner is thus entitled to his day in

court to resolve this factual controversy.

     As a final matter, McDonald's Corporation contends that O'Banner waived

the issue of apparent agency because he did not plead it. This waiver

argument fails. In his complaint, O'Banner alleged that McDonald's

Corporation "was doing business in Illinois and owning or leasing, operating,

maintaining and/or controlling" the McDonald's restaurant at issue. These

allegations are sufficient to plead an agency relationship. See Gilbert, 156

Ill. 2d at 527. I further find that McDonald's Corporation's position is

disingenuous in this regard. In its motion for reconsideration, McDonald's

Corporation itself acknowledged that O'Banner was seeking to hold it liable

based on an apparent agency theory. Consequently, McDonald's Corporation is

not entitled to an affirmance of the summary judgment entered in its favor on

this ground.

     For the reasons stated, there exists a genuine issue of material fact

regarding the existence of an apparent agency relationship between McDonald's

Corporation and the franchisee involved in this case. Summary judgment should

not have been granted because McDonald's Corporation's right to judgment is

not clear and free from doubt. The cause should be remanded to the trial

court for further proceedings.

     JUSTICE FREEMAN joins in this dissent.