A94A2152. WATSON et al. v. HOWARD JOHNSON FRANCHISE SYSTEMS, INC.
(453 SE2d 758)

BLACKBURN, Judge.

Brian Watson and Pauline Watson appeal the trial court's order granting defendant Howard Johnson Franchise Systems, Inc.'s ("Howard Johnson") motion for summary judgment. The Watsons contend that issues of fact preclude the award of summary judgment.

The Watsons filed the underlying action for personal injuries and property damage resulting from an alleged assault and robbery perpetrated on them as they brought their luggage into a room they had leased from HoJo Inn. The HoJo Inn was owned and operated by defendant Williams Investment Company, Inc. ("Williams")[1] pursuant to a franchise agreement with Howard Johnson. The Watsons con-

---

[1] Williams is not involved in this appeal.

tend the evidence demonstrates that Howard Johnson held out the hotel as its own and that they relied on such representations to the extent that Williams was Howard Johnson's apparent agent.

"[T]he essence of the doctrine [of apparent or ostensible agency] is that one represents that another is one's agent so that plaintiff justifiably relies on the care or skill of the apparent agent whose negligence causes the injury. It is not enough that plaintiff simply believe there is an agency relationship. There is an objective standard. The apparent principal must represent or hold out the apparent agent. Then, too, justifiable reliance must lead to the injury." *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507, 508-509 (361 SE2d 164) (1987).

Williams used numerous billboards to advertise its hotel as a "HoJo Inn by Howard Johnson." The advertisements did not refer to Williams as the owner and operator of the franchise. The sign in the parking lot of the hotel again referred to the hotel as a HoJo Inn by Howard Johnson. The franchise agreement provided that no advertising could be used without prior written approval from Howard Johnson. Therefore, Howard Johnson was aware of the contents of Williams' billboards. The franchise agreement further required that Williams display a permanently fixed plaque at the registration area which contained the following language: "This Lodging Facility is Independently Operated pursuant to a HoJo Inn Franchise Agreement by Williams Investment Company, Inc." However, Williams did not display such a sign. Furthermore, Howard Johnson was aware of Williams' failure to display the required sign, as its absence had been noted in Howard Johnson's quality assurance audits and inspections report.

Under the facts of this case we must agree that a jury issue exists as to whether Williams was Howard Johnson's apparent agent. See *Buchanan v. Canada Dry Corp.*, 138 Ga. App. 588 (226 SE2d 613) (1976).

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 24, 1995 —
RECONSIDERATION DENIED FEBRUARY 7, 1995 —

*Bennett, Wisenbaker & Bennett, Michael S. Bennett,* for appellants.

*Young, Clyatt, Turner, Thagard & Hoffman, James B. Thagard, J. Holder Smith, Jr.,* for appellee.