2021 IL App (1st) 192560-U

FIFTH DIVISION
March 26, 2021

No. 1-19-2560

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JENNY MANDEL, individually and on behalf of all others situated, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee-Cross-Appellant, | ) ) | |
| v. | ) ) ) | No. 17 CH 7047 |
| ROSC-EL, INC., d/b/a ZALE MANAGEMENT COMPANY, and 2249 W. IOWA BUILDING, LLC, | ) ) ) ) | Honorable David Atkins, |
| Defendants-Appellants-Cross-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**ORDER**

¶ 1     Held: We dismiss the appeal because of multiple violations of Illinois Supreme Court Rule 341 and we dismiss the cross-appeal as abandoned.

¶ 2                                    BACKGROUND

¶ 3     On May 17, 2017, the plaintiff-appellee, Jenny Mandel, filed a class action complaint in which she sought to represent a class of tenants who leased residential units from defendant-

appellants Rosc-El, Inc. and 2249 W. Iowa, LLC (collectively, Zale),[1] and whose leases did not have attached thereto a summary of the City of Chicago Residential Landlord and Tenant Ordinance (Chicago, IL City Code §§5-12-010 *et seq.*) (RLTO), as required by Chicago City Code §5-12-170.

¶ 4 In her complaint, Mandel alleged that Zale managed at least seven apartment buildings in Chicago, including the one containing Mandel's apartment, and that Zale used a form lease which did not contain the required summary of the RTLO. Count I of the complaint sought certification of a class consisting of Zale tenants, appointment of Mandel's law firm as class counsel, a judgment for damages of $100 for each affected tenant as specified in section 5-12-170 of the RLTO, and attorney fees as provided in section 5-12-180 of the RTLO. Count II of the complaint was brought individually by Mandel and claimed that Zale subjected her to an eviction action after she complained to her alderman about code violations in her unit. This action, Mandel claimed, violated the RTLO's prohibition against retaliatory action against tenants who complain about property conditions. In this count, Mandel also sought a monetary judgment for violation of the RTLO and attorney fees under the RTLO.

¶ 5 Zale answered the complaint and asserted affirmative defenses. Zale also counterclaimed, seeking back rent of $5,515.00. Mandel answered and pleaded an affirmative defense to the counterclaim, alleging breach of the implied warranty of habitability.

¶ 6 After engaging in settlement discussions, the parties filed a joint motion, signed by their respective counsel, for preliminary approval of a stipulation and agreement to settle the case. The joint motion specifically listed all the pending claims in the case: the complaint, the

---

[1] Rosc-El operates under the assumed name of Zale Management Company. 2249 W. Iowa, LLC owns the building in question. We follow the parties' lead in referring to the defendants collectively as "Zale".

counterclaim, and the affirmative defenses to each. The motion recited that the parties had settled their dispute on the following terms: (1) the court would certify a class of individuals who were Zale tenants during the two years preceding the filing of the complaint whose leases did not contain the required RLTO summary; (2) each tenant who did not opt out of the settlement would receive $100, and any unclaimed settlement funds would be directed to a charity under the doctrine of *cy pres*; (3) in addition to the $100 tenant payments, Zale would pay the Mandel's attorney fees in an amount determined by the court; (4) the court would conduct a fairness hearing regarding the settlement; (5) notice of the settlement would be published in a newspaper and a settlement administrator would notify members of the class of the terms of the settlement and the time and place of the fairness hearing; and (6) Zale would comply with the RLTO in the future.

¶ 7    On March 14, the circuit court entered an order granting preliminary approval of the settlement set forth in the joint motion, certifying a class, appointing class counsel, setting a date for a fairness hearing, and setting a briefing schedule on Mandel's attorney fee petition. Mandel then filed an attorney fee petition, but Zale objected to it based on the attorneys' hourly rate, duplicative time entries, and other grounds. On May 7, the court approved Mandel's attorney fee petition and awarded fees of $67,546.85, which was slightly lower than the amount she had sought.

¶ 8    On May 22, the circuit court held the fairness hearing and entered a final order and judgment approving the settlement. The order specifically dismissed the litigation on the merits with prejudice and discharged the parties from liability. The order also directed payment of $100 to each class member within 49 days, payment of the attorney fees within 7 days, and payment of unclaimed awards to the Chicago Legal Assistance Foundation. The order required class counsel

to submit a "courtesy copy" by October 22, accounting for the award and *cy pres* payments. The court reserved jurisdiction over the parties regarding "all matters related to the administration, consummation, enforcement, and interpretation" of the settlement and the final order.

¶ 9     On June 3, a new attorney appeared for Zale. A day later, he filed a motion to vacate the final order. The motion to vacate did not specify under which court rule or statute it was brought under, but we will assume it was brought pursuant to section 2-1301 of the Illinois Code of Civil Procedure, which governs motions to vacate final orders brought within 30 days of their entry (735 ILCS 5/2-1301 (West 2018)) . It asserted four grounds for relief: (1) no class had ever been certified; (2) the case was barred by *res judicata* because of a prior eviction action brought by Zale against Mandel (Cir. Ct. Cook County No. 16 M1 716676); (3) the class was not sufficiently numerous; and (4) the attorney fee award was unreasonably high in light of the small amount actually recovered. Zale also filed a motion to access information held by the claims administrator. The parties briefed the motion to vacate. During this briefing period, Mandel filed a motion for sanctions pursuant to Ill. S. Ct. R. 137 (eff. Jan. 1, 2018) against defendants, arguing that the motion to vacate was "non-sensible and rambling", contained false statements, and was inappropriate because the parties had jointly agreed to entry of the order which the motion sought to vacate.

¶ 10     At this point, the deadlines in the final order for payment of tenant awards and attorney fees had passed, so Mandel filed a motion requesting that the court issue a rule to show cause against Zale and requesting an order directing Zale to comply with the settlement agreement and the terms of the final order (motion to compel). The prayer for relief in Mandel's motion contained a fleeting and undeveloped request for additional attorney fees pursuant to *Trutin v. Adam*, 2016 IL App (1st) 142853. In *Trutin*, this court reversed an order denying a tenant's

motion to file a fee petition for additional fees she incurred defending against a landlord's section 2-1401 (735 ILCS 5/2-1401 (West 2012)) petition to vacate a judgment which had been favorable to the tenant. When the landlord appealed the denial of the section 2-1401 petition, the tenant cross-appealed, seeking reversal of the portion of the order which denied her request for additional RLTO attorney fees. After interpreting the fee-shifting provision of the RLTO and finding that the fees for defending against a section 2-1401 petition were recoverable, the court reversed the order denying the tenant leave to file a fee petition, and remanded with instructions to allow the tenant to file a petition for fees incurred in defending against the section 2-1401 petition, defending the appeal, and prosecuting the cross-appeal, noting that "The proper course is to remand these claims for court costs and attorney fees to the circuit court for its initial review." *Id.*, ¶¶ 46-49.

¶ 11    On December 13, the court entered an order: (1) denying Mandel's motion to vacate; (2) granting Mandel's motion to compel, by directing Zale to comply with the final order, and resetting the deadlines in the final order under which Zale was to make certain payments; (3) denying Mandel's motion to access the claims administrator's records; (4) granting Mandel's motion for sanctions against defendants in the amount of $3,000; and (5) denying Mandel's request for a rule to show cause because Zale's non-compliance with the final order stemmed from its desire to pursue its motion to vacate. The court noted that there was no basis to vacate the settlement and final order because new counsel wanted a "second bite at the apple"; the alleged excessiveness of the attorney fees had been briefed and resolved earlier; and the motion to vacate was "entirely meritless and contains several baseless assertions sufficient to warrant sanctions". The order did not specifically address Mandel's request for additional attorney fees, other than by generally stating that the motion to compel was granted. Mandel never followed up

in the circuit court by filing a petition for fees or seeking clarification of the order as to her fee request.

¶ 12     On December 18, Zale filed a notice of appeal and a "petition for interlocutory appeal", both in the circuit court. These filings are described in more detail in our jurisdictional analysis below. On January 15, 2020, Mandel filed a notice of cross-appeal stating that she, too, sought relief from the judgment order of December 13, 2019 because it was "silent" regarding her request for additional attorney fees for defending against the motion to vacate, and requesting fees on this appeal and cross-appeal.

¶ 13                                   ANALYSIS

¶ 14     This court has an independent duty to consider its jurisdiction. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984). The filing of a notice of appeal is "the jurisdictional step which initiates appellate review." (Internal quotation marks omitted.) *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). "Unless there is a properly filed notice of appeal, the appellate court lacks jurisdiction over the matter and is obliged to dismiss the appeal." *Id*. Illinois Supreme Court Rule 303(b)(2) provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017).

¶ 15     The notice of appeal states that Zale "appeals pursuant to Supreme Court Rule 304(b)(5) and 306(a)(8) from an order entered December 17, 2019, attached hereto as Exhibit A granting Plaintiff's Motion to certify a class, for sanctions and class attorney's fees". In the next paragraph, the notice states that the defendants seek reversal of the order of December 13, 2019.

¶ 16     The record contains no order of December 17, 2019, nor is there any "Exhibit A" attached to the notice of appeal in the record. The record does contain the court's December 13,

2019 order, which, as noted above, denied Zale's motion to vacate, imposed a $3,000 sanction, and granted certain other relief. We will assume that the December 17 date listed in the notice of appeal is the result of a typographical error because it is clear that Zale intended to appeal the December 13 order. Clerical errors in a notice of appeal do not necessarily render the notice defective. See *People v. Bennett*, 144 Ill. App. 3d 184, 185 (1986) (excusing incorrect case number on *pro se* notice of appeal because the proper case was identified in the body of the notice); *In re Marriage of Ramsey*, 339 Ill. App. 3d 752, 755-56, (2003) (excusing incorrect date of order being appealed because the correct date appeared elsewhere on the notice). Therefore, we will not dismiss the appeal because it specified a non-existent order in one of two references, and we will construe the notice as seeking review of the December 13 order.

¶ 17    While Zale's brief is, as explained below, deficient in many respects and confusingly written, it seems that it seeks review of both the May 22, 2019 final order and the December 13 order. However, the May 22 order is not specified in his notice of appeal; only the December 13 order is. A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal." *Id*. An unspecified order is reviewable if it is a step in the "procedural progression" leading to the judgment specified in the notice of appeal. *Burtell v. First Charter Service Corp*., 76 Ill. 2d 427, 435 (1979). Because the final order was a necessary step in the procedural progression leading to the December 13 order which sought to vacate the May 22 order, the failure to cite the May 22 order in the notice of appeal was not, itself, a fatal defect. See *Heller Financial, Inc. v. Johns-Byrne Co*., 264 Ill. App. 3d 681, 689 (1994) (holding that the trial court's ultimate judgment is subsumed into the court's ruling on a subsequent motion to reconsider); *Netto v. Goldenberg*, 266 Ill. App. 3d 174, 178 (1994) ("It is unimportant whether the notice of appeal cites to the order disposing of the post-

trial motion or the order entering the judgment. For jurisdictional purposes, reference to either order will do.").

¶ 18    That brings us to Mandel's specific objections to our jurisdiction. The notice of appeal cites Illinois Supreme Court Rules 304(b)(5) (eff. Mar. 8, 2016) and 306(a)(8) (eff. Oct. 1, 2019, am. eff. Oct. 1, 2020),[2] both of which Mandel argues are improperly invoked in this appeal. We begin with Rule 304(b)(5) which allows interlocutory appeals of orders finding an individual in contempt of court and imposing a penalty for the contumacious behavior. Mandel is correct that the circuit court's order of December 13, 2017, did not find Zale, Zale's attorney, or anyone else in contempt of court so as to make the order immediately appealable under Rule 304(b)(5). The order did impose a $3,000 sanction against defendants, but an order imposing sanctions under Rule 137 is not appealable as a contempt order. *Lewis v. Family Planning Management, Inc.*, 306 Ill. App. 3d 918, 924 (1999). Therefore, we do not have jurisdiction under Rule 304(b)(5).

¶ 19    Zale's notice of appeal also states that it bring its appeal pursuant to Rule 306(a)(8), which permits a litigant to seek appellate review of an order granting the certification of a class action. A Rule 306(a)(8) appeal is commenced by the filing of a petition for interlocutory appeal in *this* court, not the circuit court. Ill. S. Ct. R. 306(c)(1) (eff. Oct. 1, 2019, am. eff. Oct. 1, 2020). Accordingly, we do not have jurisdiction under Rule 306(a)(8).

¶ 20    Zale's brief does nothing to clarify the situation. In its brief, Zale states that it appeals the December 13, 2019 order denying its motion to vacate and granting Rule 137 sanctions, and that this court has jurisdiction not pursuant to the rules cited in the notice of appeal, but rather pursuant to the general provision in the Illinois constitution allowing appeals from final

---

[2] An unrelated section of Rule 306 was amended after Zale filed its notice of appeal. The amendment has no bearing on our analysis.

judgments, and pursuant to Illinois Supreme Court Rules 603 (eff. Feb. 6, 2013) and 606 (eff. eff. July 1, 2017), two rules which apply only in criminal cases.

¶ 21    Failure of the notice of appeal to list the proper rule granting jurisdiction is not fatal. *O'Banner v. McDonald's Corp.*, 173 Ill. 2d 208, 211 (1996). But this raises the question: what rule grants this court jurisdiction to consider Zale's appeal? We find that the May 22, 2019, order was final and appealable under Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) as a final judgment in a civil case. "A final judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. A judgment is final if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution." *Big Sky Excavating, Inc. v. Illinois Bell Tel. Co.*, 217 Ill. 2d 221, 232-33 (2005); *Flores v. Dugan*, 91 Ill.2d 108, 112 (1982). The May 22 order resolved all claims against all parties, and merely set a schedule for payment of amounts which one party had agreed to pay to another. Likewise, the December 13, 2019 order was appealable under Rule 303(a)(2) (eff. July 1, 2017) which provides: "A party intending to challenge an order disposing of any postjudgment motion or separate claim, or a judgment amended upon such motion, must file a notice of appeal, or an amended notice of appeal within 30 days of the entry of said order or amended judgment, but where a postjudgment motion is denied, an appeal from the judgment is deemed to include an appeal from the denial of the postjudgment motion."

¶ 22    We acknowledge that neither the May 22 or December 13 order addressed Mandel's claim for additional attorney fees. However, the December 13 order is so meticulously written to address every other pending issue that was pending that we presume the circuit court intended to deny additional attorney fees to Mandel. *See In re Marriage of Iqbal*, 2018 IL App (2d) 131306,

¶ 19 (rejecting an argument that a judgment for dissolution of marriage was nonfinal, because the circuit court's 'reserving' maintenance, without stating that it planned to set that amount at any particular time, was the "equivalent to setting the amount of maintenance at zero until further order of court."). Indeed, Mandel has filed a cross-appeal grounded in her belief that the order denied her request for additional fees. Therefore, we have jurisdiction over Zale's appeal as to both orders.

¶ 23     Having found jurisdiction, we next address Mandel's contention that we should dismiss the appeal because Zale's brief in this court violates Illinois Supreme Court Rules in various ways. Mandel correctly notes that Zale's brief: (1) does not contain an accurate statement of jurisdiction (see Ill. S. Ct. R. 341(h)(4) (eff. May 25, 2018, am. eff. Oct. 1. 2020)); (2) contains a statement of facts which is "replete with argument and comment" (see *id.* § (h)(6)); (3) does not set forth a standard of review (see *id.* § (h)(3)). Additionally, the brief does not contain: (1) a copy of the notice of appeal (see Ill. S. Ct. R. 342 (eff. Oct. 1, 2019)); (2) an index to the record on appeal (see *id.*); and (3) a copy of the order being appealed (see *id.*). More crucially, the eight-page argument section contains only two citations to the record, both in the same sentence, in violation of Rule 341(h)(7) (eff. May 25, 2018, am. eff. Oct. 1. 2020). This is particularly problematic because Zale's arguments mostly concern the *res judicata* effect of the earlier eviction lawsuit, and the impropriety of a raft of other "copycat" RTLO lawsuits, that Zale contends should have been all brought together in one lawsuit. The absence of references to the record unduly burdens our ability to analyze Zale's assignments of error.

¶ 24     Supreme court rules "are not mere suggestions"; they "have the force of law, and they should be followed." *People v. Glasper*, 234 Ill. 2d 173, 189 (2009), citing *Bright v. Dicke*, 166 Ill.2d 204, 210 (1995). "Where an appellant's brief contains numerous Rule 341 violations and,

in particular, impedes our review of the case at hand because of them, it is our right to strike that brief and dismiss the appeal." *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 18. This court "is not merely a repository into which an appellant may 'dump the burden of argument and research,' nor is it the obligation of this court to act as an advocate or seek error in the record." *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009) (quoting *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993)). The noted deficiencies in Zale's brief make it virtually impossible to evaluate its claims of error or to conduct any meaningful review. Consequently, we strike Zale's brief and dismiss this appeal.

¶ 25    We next address Mandel's cross-appeal. As explained above, the December 13, 2019, order is arguably ambiguous regarding the disposition of Mandel's claim for additional attorney fees for defending against the motion to vacate. While the order does not specifically address Mandel's request for additional fees, it does state that Mandel's motion, which contained the request, was granted. Mandel did not pursue the fee issue any further in the circuit court. In this court, Mandel filed a brief whose caption contains no reference to a cross-appeal, and which is entirely directed to attacks on the arguments in Zale's brief. The "conclusion" section of Mandel's brief ends with this statement:

> "It should be noted, Plaintiff filed a motion [*sic*] for cross appeal for the purposes
> of requesting additional fees and costs pursuant to *Trutin*, but determined as the
> result of additional research that the proper course of action is to request this
> Court to remand the matter back to circuit court at the conclusion of its review for
> a determination of the appropriate attorney's fees and costs to be awarded."

In light of Mandel's position, we deem the cross-appeal to be abandoned and we dismiss it. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018, am. eff. Oct. 1. 2020). Since the circuit

court retained jurisdiction over "all matters related to the administration, consummation, enforcement, and interpretation" of the settlement agreement and order, this dismissal is without prejudice to seeking fees in the circuit court after that court receives the mandate from this court.

¶ 26                    CONCLUSION

¶ 27    Accordingly, we dismiss both the appeal and cross-appeal.

¶ 28    Dismissed; cross-appeal dismissed.