**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250498-U

Order filed February 9, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| NICHOLE R. PALSEN, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | Appeal No. 3-25-0498 |
| WEBB CHEVROLET, INC., KELLY WEBB | ) | Circuit No. 25-MR-260 |
| ROBERTS, PATRICK RUFFOLO, and | ) | |
| JAMES PIERONI, | ) | Honorable |
| | ) | Victoria R. Breslan |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Presiding Justice Hettel and Justice Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: Plaintiff's appeal is dismissed because she failed to provide the court with a properly authenticated supporting record under Illinois Supreme Court Rule 328 (eff. July 1, 2017). Plaintiff is ordered to show cause why she should not be sanctioned for her citation of fictitious authorities in her briefs.

¶ 2    Plaintiff, Nichole R. Palsen, appeals from the circuit court's order compelling her to arbitrate her claims against defendants, Webb Chevrolet, Inc., Kelly Webb Roberts, Patrick

Ruffolo, and James Pieroni. We dismiss plaintiff's appeal and order her to show cause why she should not be sanctioned pursuant to Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994).

¶ 3                                   I. BACKGROUND

¶ 4        In May 2025, plaintiff sued defendants. She sought money damages for defendants' alleged violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2024)) and their alleged negligence relating to her purchase of a used vehicle.

¶ 5        Defendants moved to compel arbitration and for dismissal. The circuit court granted defendants' motion.

¶ 6        Plaintiff filed a notice of appeal in the circuit court. The next day, she filed what purports to be a supporting record and a petition for leave to appeal under Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020). We struck her petition as improvidently filed but, because she had filed a timely notice of appeal, we ordered, with one justice dissenting, this case to proceed under Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017). See *Mikoff v. Unlimited Development, Inc.*, 2024 IL App (4th) 230513, ¶ 22 (order compelling arbitration is injunctive and thus appealable under Rule 307(a)(1)); see also *O'Banner v. McDonald's Corp.*, 173 Ill. 2d 208, 211 (1996) (invocation of incorrect rule in notice of appeal is inconsequential).

¶ 7                                   II. ANALYSIS

¶ 8              A. Unauthenticated Supporting Record Requires Dismissal

¶ 9        Because this appeal is proceeding under Rule 307(a)(1), plaintiff was required to file a supporting record that conforms with Illinois Supreme Court Rule 328. See Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017); Ill. S. Ct. R. 328 (eff. July 1, 2017). Rule 328 requires a supporting record to be authenticated either by (1) a certificate from the circuit court clerk or (2) an affidavit from the attorney or party filing it. Ill. S. Ct. R. 328 (eff. July 1, 2017).

2

¶ 10    Plaintiff's purported supporting record is not properly authenticated. Because the clerk did not certify the record, plaintiff was required to authenticate it by affidavit. See *id*. An affidavit is "a declaration, on oath, in writing, sworn to by a party before some person who has authority under the law to administer oaths." (Internal quotation marks omitted.) *OneWest Bank, FSB v. Markowicz*, 2012 IL App (1st) 111187, ¶ 45. "[S]tatements in a writing not sworn to before an authorized person cannot be considered affidavits." *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 494 (2002). Indeed, "[a]n affidavit that is not sworn is a nullity." *Id.* at 497.

¶ 11    Plaintiff included with her submission an unsigned "certificate of accuracy," which reads as follows:

> "I, Nichole R. Palsen, certify that the documents contained in this Supporting Record are true and correct copies of pleadings, motions, orders, and related filings appearing in the official record of the Circuit Court of Will County, Illinois.
>
> Case No. 2025-MR-000260
>
> Respectfully Submitted,
>
> Nichole R. Palsen
>
> [Address and telephone number]
>
> Date: September 23, 2025."

¶ 12    The supreme court rules are not mere suggestions, and plaintiff's status as a self-represented litigant does not relieve her of the burden to comply with the supreme court rules. *People v. Shunick*, 2024 IL 129244, ¶¶ 44, 64. Plaintiff's "certificate of accuracy"—though it contains a declaration of truth and correctness—does not anywhere indicate it was sworn to before some person who has the authority to administer an oath. See *Roth*, 202 Ill. 2d at 494. As such, it is not an affidavit, and the supporting record submitted by plaintiff fails to comply with Rule 328.

¶ 13    To sum up, plaintiff has failed to provide us with a valid supporting record. Because we do not have a valid record before us, we are unable to determine the merits of plaintiff's appeal. Accordingly, we dismiss the appeal. See *Libman v. Gipson*, 93 Ill. App. 2d 62, 64 (1968) ("Where a party fails to present a proper record a court of review will, of its own motion, dismiss the appeal.").

¶ 14                                          B. Sanctionable Briefs

¶ 15    Though we have dismissed plaintiff's appeal, we feel compelled to address a serious problem with plaintiff's briefs: they include numerous references to fictitious authority, including both nonexistent cases and fictitious holdings from existent cases.

¶ 16                                          1. *Nonexistent Authorities*

¶ 17    Plaintiff quotes "*Firstar Bank Ill. v. Lowrey*, 365 Ill. App. 3d 933, 940 (2d Dist. 2006)" as holding " 'Filing a 2-619 motion does not prevent default from being entered.' " However, no case entitled "*Firstar Bank Ill. v. Lowrey*" exists in Illinois or elsewhere. Our search for "365 Ill. App. 3d 933" instead led us to a page of a criminal case, *People v. Frison*, 365 Ill. App. 3d 932 (2006), which of course does not discuss whether a motion filed under section 2-619 of the Code of Civil Procedure tolls the time for filing an answer to a complaint. To leave no stone unturned, we also searched by the case name plaintiff provided and found two cases that have similar titles or citations: *People ex rel. Department of Transportation v. Firstar Illinois*, 365 Ill. App. 3d 936 (2006), and *First National Bank of La Grange v. Lowrey*, 375 Ill. App. 3d 181 (2007). Neither of these existent cases, however, contain the language quoted by plaintiff.

¶ 18    Plaintiff also cites "*Sears v. Illinois Central Savings & Loan*, 86 Ill. 2d 366, 374 (1981)," and quoting from it states, "Illinois courts are unwavering: a defaulted litigant 'cannot request the court to rule in its favor' on any substantive or procedural issue." Our search for the citation

provided by plaintiff led us to an existent case by a different name, *International Harvester Co. v. Goldenhersh*, 86 Ill. 2d 366 (1981). However, *Goldenhersh* does not contain the language quoted by plaintiff or even discuss the ability of defaulted litigants to seek relief from a court. Again, leaving no stone unturned, we searched for any case entitled "*Sears v. Illinois Central Savings & Loan*," and our search revealed no cases under that title exist in Illinois or elsewhere.

¶ 19        Plaintiff also cites "*Cruz v. Midland Funding, LLC*, 2016 IL App (1st) 150744." We searched the citation provided by plaintiff, and no cases were returned. So, we again searched for the case by its purported title. That search revealed that no cases exist by that name in Illinois or elsewhere.

¶ 20        Plaintiff's next fictitious case is "*Bishop v. We Care Hare, Inc.*, 354 Ill. App. 3d 584, 590 (1st Dist. 2004)." She asserts this case stands for the proposition that "Illinois law condemns parties who 'lie in the weeds' and invoke arbitration only when strategically useful." We searched for the citation provided by plaintiff, and it led us to a page of *People v. Thompson*, 354 Ill. App. 3d 579 (2004). Of course, whether an arbitration agreement was waived was not at issue in that *criminal* case. We also searched for the case by its title, and that search led us to *Bishop v. We Care Hair Development Corp.*, 316 Ill. App. 3d 1182 (2000). Nowhere in that case did the court state or paraphrase the proposition plaintiff has put forth.

¶ 21        The final fictitious case that plaintiff cites is "*Anderson v. Equitable Life Assurance Society*, 134 Ill. App. 3d 100 (1st Dist. 1985)." She contends this case supports her argument that the arbitration agreement should not be enforced because of her preemptive objection to arbitration. Plaintiff's citation led us to *Golden v. Marshall Field & Co.*, 134 Ill. App. 3d 100 (1985). That case, however, did not involve the enforcement of an arbitration agreement. We searched plaintiff's cited authority by name and found an existing case entitled, *Anderson v.*

5

*Equitable Life Assurance Society of the United States*, 17 Ill. App. 3d 489 (1977). The enforcement of an arbitration agreement, however, was not at issue in that case.

¶ 22                        2. *Fictitious Holdings from Existent Authorities*

¶ 23        Plaintiff did not just provide this court with fictitious cases; she also provided us with fictitious quotations and holdings from existent cases. We provide several examples to illustrate plaintiff's conduct.

¶ 24        Plaintiff quotes an existing case, *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 221-22 (1986) as stating, "When a defendant fails to file a responsive pleading, all well-pleaded facts in the complaint are admitted by operation of law." This quoted language appears nowhere in *Smith*. Moreover, plaintiff relies on *Smith* for the assertions that (1) "Illinois courts have consistently held that a motion to compel arbitration is not a responsive pleading and does not toll the statutory deadline for answering"; (2) "[t]he Illinois Supreme Court has held that default judgment is appropriate where a defendant fails to timely respond to the Complaint"; and (3) "the court lacked discretion to deny default where failure to plead was clear, the statutory deadline had passed, and no good cause was shown." The court in *Smith*, however, did not discuss these purported principles of law.

¶ 25        Plaintiff quotes *Keefe v. Allied Home Mortgage Corp.*, 393 Ill. App. 3d 226, 232 (2009), as stating "A 2-619 motion is not a responsive pleading." And she quotes *Fox v. Heiman*, 375 Ill. App. 3d 35, 40 (2007), as stating, "A 2-619 motion is not the equivalent of an answer." Neither *Keefe* nor *Fox* contain the language quoted by plaintiff. In fact, neither case even mentions section 2-619 of the Code of Civil Procedure.[1] She also cites *Bank of New York Mellon v. Rogers*, 2016

---

[1]Plaintiff also provided a fictitious quote from the fictitious case, "*Firstar Bank Illinois v. Lowrey*," discussed *supra* ¶ 17.

IL App (2d) 150712, ¶ 30, as holding it is reversible error for a court to deny default when no answer has been filed. *Rogers* did not so hold.

¶ 26    Plaintiff cites *People ex rel. Department of Transportation v. Firstar Illinois*, 365 Ill. App. 3d 936 (2006), for the proposition that "motions of this nature," referring to defendants' motion to compel arbitration, "do not constitute a responsive pleading and do not toll the statutory deadline for filing an answer." *Firstar* says nothing of the sort.

¶ 27    Plaintiff's next fictitious holding is purportedly derived from *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333 (2011). She asserts that the Court in *Concepcion* "acknowledges that arbitration cannot be used to shield Appellees from liability under consumer protection statutes," and "[a]rbitration cannot be used to avoid judicial scrutiny of consumer fraud claims." *Concepcion* made no mention of these propositions.

¶ 28    Plaintiff cites *Kinkel v. Cingular Wireless*, 223 Ill. 2d 1, 26 (2006), and *Gallagher v. Lenart*, 226 Ill. 2d 208 (2007), for the proposition that "Arbitration cannot be weaponized to bury consumer-fraud violations. Hidden, non-negotiated, undisclosed arbitration clauses violate Illinois public policy and cannot override statutory rights." Neither case stands for this proposition. In fact, *Gallagher* did not even involve an arbitration agreement. *Gallagher*, 226 Ill. 2d 208.

¶ 29    Plaintiff cites *People v. $1,124,905 U.S. Currency*, 177 Ill. 2d 314 (1997), as holding "Courts must resolve pending motions and apply procedural rules uniformly to preserve fairness" and "Illinois courts require consistent application of procedural rules to preserve fairness." That case, however, did not so hold.

¶ 30    She also cites *In re Marriage of Harnack*, 2014 IL App (1st) 121424, ¶¶ 21-25, and *People v. Smith*, 228 Ill. 2d 95, 104 (2008), as holding that "failing to resolve pending motions is reversible error." Neither case involved unresolved motions.

7

¶ 31    Another fictitious holding is purportedly derived from *Williams v. Illinois State Scholarship Commission*, 139 Ill. 2d 24 (1990). According to plaintiff, *Williams* stands for the propositions that "[c]ourts must consider the full evidentiary record when considering claims involving fairness, fraud, or procedural irregularities" and "[f]raud claims require judicial review and must be evaluated based on the full evidentiary record." *Williams* held nothing of the sort

¶ 32    We could go on but will not belabor the point any further.

¶ 33                                    3. *Sanctions*

¶ 34    The numerous fictitious authorities in plaintiff's briefs leads us to believe plaintiff used generative artificial intelligence (AI) in preparing them. Our supreme court has adopted a policy concerning the use of AI in Illinois courts. Ill. S. Ct., *Illinois Supreme Court Policy on Artificial Intelligence* (Jan. 1, 2025), https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/e43964ab-8874-4b7a-be4e-63af019cb6f7/Illinois%20Supreme%20Court%20AI%20Policy.pdf (hereinafter Ill. S. Ct., AI policy). The policy states that, while the use of AI is authorized, users must understand its capabilities. *Id.* Additionally, AI users "are accountable for their final work product" and "must thoroughly review AI-generated content before submitting it in any court proceeding to ensure accuracy and compliance with legal and ethical obligations." *Id.* Moreover, the policy emphasizes that "[u]nsubstantiated or deliberately misleading AI-generated content that perpetuates bias, prejudices litigants, or obscures truth-finding and decision-making will not be tolerated."

¶ 35    As noted above, plaintiff's status as a self-represented litigant does not relieve her of the burden to comply with court rules. *Shunick*, 2024 IL 129244, ¶ 64. Nor does it excuse her careless reliance on AI. *Pletcher v. Village of Libertyville Police Pension Board*, 2025 IL App (2d) 240416-U, ¶ 28. Nor does it excuse her lack of candor. Indeed, we believe it is eminently reasonable to

8

expect all litigants, even if not bound by the Illinois Rules of Professional Conduct, to be candid with the court and not provide false—or simply made up—statements of the law. Plaintiff's briefs are riddled with false statements of the law. Her conduct was deceptive and needlessly increased the time spent by everyone except apparently herself. Put simply, plaintiff brazenly obscured the truth-finding and decision-making processes, and her conduct "will not be tolerated." Ill. S. Ct., AI Policy.

¶ 36     Illinois Supreme Court Rule 375 allows this court to sanction a party when the party has "wilfully failed to comply with the appeal rules" (Ill. S. Ct. R. 375(a) (eff. Feb. 1, 1994)) or when the party has taken an appeal that is frivolous (Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994)). We find sanctions may be warranted under Rule 375. Ill. S. Ct. R. 375(a), (b) (eff. Feb. 1, 1994).

¶ 37     First, plaintiff's citation of fictitious authorities is an egregious violation of Illinois Supreme Court Rule 341(h)(7), which requires a party's brief to contain "citation of the authorities *** relied on." Ill. S. Ct. 341(h)(7) (Oct. 1, 2020); see *In re Baby Boy*, 2025 IL App (4th) 241427, ¶ 110 (holding that citation of fictitious authorities violates Rule 341(h)(7)). It also violates the supreme court's AI policy.

¶ 38     Second, plaintiff's pervasive reliance on fictitious authorities has rendered this appeal frivolous. See *Baby Boy*, 2025 IL App (4th) 241427, ¶ 117. "An appeal is deemed frivolous where it is 'not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law.' " *Id.* (quoting Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994)). When deciding whether an appeal is frivolous, we must determine whether the appeal would have been brought in good faith by a reasonable, prudent attorney. *Id.*

¶ 39     Simply put, "[a] fake opinion is not existing law and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for

9

establishing new law." (Internal quotation marks omitted.) *Id.* ¶ 118. A reasonable, prudent attorney would have reviewed the briefs that were submitted to this court to ensure the arguments were meritorious and the authorities cited were genuine and correct. It is clear plaintiff did not do so.

¶ 40    Accordingly, we order plaintiff to show cause as to why sanctions should not be imposed under Illinois Supreme Court Rule 375. See Ill. S. Ct. R. 375 (eff. Oct. 1, 2020) (requiring the court to order the offending party to show cause when sanctions are raised on the court's own motion). Plaintiff shall file her response to this order within 21 days of this order. In the event we find sanctions are warranted, we will issue a separate written order imposing the sanction and may ask defendants to submit a statement of reasonable costs and attorney fees in responding to plaintiff's appeal. See Ill. S. Ct. R. 375(b) (eff. Oct. 1, 2020).

¶ 41                                III. CONCLUSION

¶ 42    For the reasons stated, we dismiss plaintiff's appeal and order her to show cause as to why sanctions should not be entered against her.

¶ 43    Dismissed; rule to show cause entered.